CHAMBLISS v. JOHNSON *et al.*

REESE & ROBY v. THE SAME.

GAINES v. THE SAME.

HERSHEY v. THE SAME.

| 77 | 611 |
| 111 | 561 |
| 77 | 611 |
| 117 | 56 |
| 77 | 611 |
| 128 | 440 |
| 77 | 611 |
| 137 | 668 |

1. **Levees:** COST: LIABILITY OF LANDS INDIRECTLY BENEFITED. Lands not swampy or overflowed, but which are indirectly bene-fited by the construction of a public levee by the improvement of means of access by roads, and by the reclamation of low, wet lands in the vicinity, may properly be taxed to pay for the construction of the levee.

2. **Levees:** THROUGH TWO COUNTIES : ASSESSMENT TO PAY FOR : RIGHT OF APPEAL. Where a public levee is constructed through two counties, any person aggrieved by the action of the board of supervisors in locating the levee, or in fixing the number of acres benefited by reason of the construction of it, and to be assessed to pay for it, has the right to appeal to the district court (Chap. 85, Laws of 1880), but on an appeal from an assessment actually made, the question whether the land is assessable cannot be raised, but only the question whether it has been assessed in proper proportion. Chapter 139, Laws of 1886, does not apply to levees.

*Appeals from Muscatine District Court.*—HON. C. M.
WATERMAN, Judge.

FILED, MAY 22, 1889.

THE plaintiffs and appellants are the owners of land
upon which assessments were made to pay for the con-
struction of a levee on the west bank of the Mississippi
river from a point in Muscatine county, near the city of
Muscatine, to a point near Port Louisa, in Louisa
county. The plaintiffs appealed from an order assess-
ing their lands to the district court, where trials were
had, and the assessments were held to be valid. The
defendants are the auditor and board of supervisors of
Muscatine county. Plaintiffs appeal.

*Richman & Burke* and *J. Carskaddan,* for appel-
lants.

*Newman & Blake, Jayne & Hoffman, H. J. Lauder*
and *E. B. Tucker,* for appellees.

ROTHROCK, J.—I. In the case of *Richman v.
Board,* etc., 70 Iowa, 627, it was held that an assess-

1. LEVEES: cost: ment made to pay for the construction of
liability of
lands indi- the levee in question was void, upon
rectly bene-
fited. grounds not necessary to be repeated here.
After that assessment was made the general assembly
passed a curative act, by which the construction of the
levee was legalized, and provision made for an
assessment of the costs thereof upon the lands adjacent
thereto and benefited thereby. See chapter 17, Acts,
1886. An assessment was made under the act, and from
said assessment appeals were taken to the district court,
from which these appeals were taken to this court.
The several causes were tried by the court without a
jury. The appellants called and examined witnesses
upon the question as to whether their lands were bene-
fited by the construction of the levee. It was sought to

show that the building of the levee had not benefited
their lands ; that the same were never subject to over-
flow from the river, but that whatever overflow of water
they were subjected to was caused by back-water from
Muscatine slough, and by streams from the west.
Without reciting all of the evidence offered and intro-
duced upon the part of appellants, it is sufficient to say
that they claimed the right to show that the parts of
their tracts of land which were assessed were in no man-
ner benefited by the construction of the levee. The
court held that this class of evidence was not competent,
and that the only question which could be determined
upon the appeal was whether the lands of the appel-
lants were situated within the proper district of territory
upon which a legal assessment could be made. The
levee in question was of more than mere local concern.
It extended from the city of Muscatine, down through
that county, and into Louisa county. There is a large
body of lowlands on the west side of the river. Between
these lowlands and the hills and bluffs there is a slough,
which extends from the south part of the city of Musca-
tine down into Louisa county. The lowland between
the slough and the river is called "Muscatine island."
All of the lands of appellants, with one exception, are
on the island. On fixing the territory to be assessed,
parts of the lands of appellants were included. Now,
upon an appeal from the assessment, if it were compe-
tent for appellants to show that their lands ought not
to be assessed because they were not within the district
or territory benefited by the levee, we think that they
failed to make such showing. It was not sufficient for
them to prove that the parts of their land which were
assessed were not directly benefited by the improve-
ments. Lands are benefited by improvements which
drain swamps and overflowed lands in the vicinity. The
means of access to the lands at all times is a material
consideration in determining whether a given tract should
be assessed, and the health and welfare of the public in
the vicinity are proper subjects of inquiry in fixing the
boundaries of the territory benefited by the improvement.

Indeed, we think that if the adjacent highlands, which were not at all affected by direct overflow, were benefited by the improvement of means of access by roads, and by the reclaiming of low, wet lands in the vicinity, they might be assessed in the amount of their proper and just proportion of the cost of the improvement.

II.  But in our opinion it is not competent, upon an appeal of this kind, to introduce evidence, further than to show that the land in question was not assessed in its proper proportion.  It is contended that, under chapter 139 of the Acts of the Twenty-first General Assembly, it is allowable, upon an appeal, to show that the lands assessed were not benefited by the improvement.  But that act applies to "ditches, drains and water-courses," and no mention is made therein of improvements by means of levees.  Whether levees were omitted from the act by accident or design we have no means of determining.  Aside from that act, there is no express provision of the statute authorizing such an inquiry.  It is provided by chapter 85, Laws of Eighteenth General Assembly, that "any person aggrieved by the action of the board of supervisors in locating said ditch, drain or [levee], or in fixing the number of acres benefited by reason of the construction of such ditch or drain, shall have the right to appeal to the circuit [district] court of the county in which such person's land may be situated."  This contemplates an appeal from the order fixing the limits of the territory proposed to be included in the district of lands to be assessed, and not from an assessment actually made.  In such cases it would seem that the only question which can be determined is whether the commissioners or supervisors have fixed the proper limits to the lands to be taxed.

*2. LEVEES: through two counties: assessment to pay for: right of appeal.*

Special assessments for improvements upon streets, opening roads, constructing public ditches and drains, and the like, are usually attended with many difficult questions.  If every owner of property is permitted by an appeal from an assessment to show that his property ought not to be assessed because it receives no benefits,

it would lead to almost endless litigation, and practically defeat the construction of improvements of this character. The assessment is an exercise of the power of taxation. It may be by express legislative enactment, or through such instrumentalities as commissioners or boards of supervisors; and when thus determined, like any other tax, it is not competent to question the assessment, only in so far as it may be unequal, as compared with other property in the taxing district. Cooley, Tax'n, 449; *Teegarden v. Racine*, 56 Wis. 545; *Dickson v. Racine*, 61 Wis. 545.

We think that, in the absence of express legislative authority for an inquiry, upon appeal, into the question as to whether the appellants' lands were within the boundaries of the territory properly assessable, it was not competent to consider that question, and that the judgment of the district court in the several cases under consideration should be                    AFFIRMED.