28    SUPREME COURT OF INDIANA,

Parke County Coal Company *v.* Campbell, Surveyor of Parke County.

No. 17,088.

## THE PARKE COUNTY COAL COMPANY *v.* CAMPBELL, SURVEYOR OF PARKE COUNTY.

DRAINAGE.—*Assessments for Repair of Ditch.—Must be Limited to Lands Benefited.—Section 10, Act April 6, 1885, Construed.*—Under section 10 of the act of April 6, 1885 (Acts 1885, p. 129; Elliott's Supp. section 1193), the cost of repairing a ditch must be apportioned and assessed against the lands benefited by the repairs, and no part of such cost can be assessed against land not so benefited, although such land was originally assessed for the construction of the ditch.

HOWARD, J., dissents.

From the Parke Circuit Court.

*E. Hunt* and *A. M. Hadley,* for appellant.

*H. Daniels,* for appellee.

DAILEY, J.—The case here presented is an appeal from an assessment made upon appellant's lands for the purpose of reimbursing the county treasury for moneys paid out for the cleaning, repairing and improvement of a certain ditch in Parke and Vigo counties, Indiana, known ao the "Rosedale Ditch."

This action was commenced by appellant filing its bond with the clerk of the Parke Circuit Court within twenty days after the posting of the notices of said assessment by the county surveyor, in the sum of $300, being more than the appellant's assessment, stating that appellant was aggrieved thereby, and conditioned upon the faithful prosecution of its appeal, and the payment of all costs decreed or confirmed against it.

Thereupon a summons was issued by said clerk for the county surveyor and served by the sheriff. After said service, the surveyor filed with the clerk a copy of the record of said assessment and the notices thereof, together with a showing as to when and where they were

Parke County Coal Company v. Campbell, Surveyor of Parke County.

posted; all as required by section 10 of an act approved April 6, 1885, being section 1193 of Elliott's Supp.

A demurrer was interposed by appellee to the appeal bond and complaint, which demurrer was overruled and an exception taken.

The cause was submitted to the court for trial upon an agreed statement of facts contained in the record, and the court found for the appellee, to which the appellant excepted.

Appellant then filed its motion for a new trial, assigning as causes:

First. That the amount assessed by the court is excessive.

Second. The assessment of the amount of recovery is too large.

Third. The decision of the court is not sustained by sufficient evidence.

Fourth. The finding of the court is contrary to law.

This motion was overruled, to which the appellant excepted, and judgment was rendered for the appellee. From the judgment so rendered this appeal is prosecuted.

The only error assigned is the overruling of the appellant's motion for a new trial.

All the causes specified therefor depend practically upon the same question, namely, the construction to be given that part of section 10, *supra*, which reads as follows:  "To raise the necessary money to reimburse the treasury, he (the county surveyor) shall apportion and assess the cost of such repairs upon the lands adjudged by the court benefited by the construction of the ditch, *in like proportion* as benefits were assessed against said lands for the construction of said ditch."

As shown by the agreed statement of facts, the appellee, Campbell, is the surveyor of Parke county, and, as

Parke County Coal Company *v.* Campbell, Surveyor of Parke County.

such, he had the ditch in controversy repaired. It was constructed in the year 1886, under the act of April 6, 1885, *supra*, by a proceeding in the Parke Circuit Court. Appellant's lands, consisting of forty acres,, were originally assessed $400 for the construction of the ditch, and the present assessment, for repairs, is $145.32. In making the last assessment, appellee determined the amount thereof without viewing the land or having it done, but he was well acquainted with the lands, and knew where the ditch was located. The assessment of $145.32 for repairs was based upon the original assessment of $400, regardless of whether the lands would be benefited by the last assessment or not.

All of the assessments for repairs were based and apportioned upon the original assessments for the construction thereof, without any regard to the actual benefit to the several tracts of lands from said improvement, or whether they would be benefited at all.

Appellant's land lies at the upper end of said drain, and is mostly high, rolling, and broken ground, and was not in any way, whatever, benefited by the repairs made by the appellee, and the assessment of $145.32 was made by appellee to raise the necessary money, along with other assessments, to reimburse the county treasury, out of which funds had been paid for said improvement.

Said repairs for which said assessment was made will not be of any benefit whatever to appellant's lands, but were necessary in order to maintain the ditch at the same depth, width and condition as when originally constructed, and the cost thereof was $668.47, but no part of the repairs was along the lands of the appellant.

It will be seen from the foregoing facts disclosed by the record, that the assessment here controverted was made under the section of the statute above referred to, without regard to the benefits to the lands adjoining the

NOVEMBER TERM, 1894.     31

Parke County Coal Company v. Campbell, Surveyor of Parke County.

ditch from the improvement, but was based solely upon the original assessment. The position of the appellee in making the assessment, and which was sustained by the trial court, was that the words of the statute, "he shall apportion and assess the costs of such repairs upon the lands adjudged by the court benefited by the construction of the ditch in like proportion as benefits were assessed against said lands for the construction of said work," justified and directed such an assessment. That the words, "In like proportion," meant that the apportionment to any tract of land for the repairs and improvement should be based upon the exact portion of the original cost of construction with which that tract was originally assessed, without reference to the benefits accruing to the land from the present improvement.

Appellant's contention is: First, that a proper construction of the statute does not justify or authorize such an assessment, and second, that even if a literal construction should grant such a power, the statute would manifestly conflict with the provision of the Constitution of the United States that "private property shall not be taken for public use without just compensation." R. S. 1881, section 29. Also, that it would contravene section 21, article 1, of the Constitution of this State, R. S. 1881, section 66, which provides that "no man's property shall be taken by law without just compensation; nor, except in case of the State, without such compensation first assessed or tendered."

The statute under which this ditch was constructed provides, as a method of assessment, that the drainage commissioners, in company with a third person, to be appointed by the court, who shall be a "reputable freeholder and disinterested, and a man of intelligence and good judgment, and a resident of some township through or into which such ditch or drain is proposed to be con-

structed, who shall take an oath that he will faithfully and honestly perform his duties, before entering thereon; * * * shall make personal inspection of the lands described in the petition, and of all other lands likely to be affected by the proposed work, and consider * * * Third, whether the costs, damages and expenses of effecting the drainage will be less than the benefits to the owners of the lands likely to be benefited by the proposed drainage * * * and assess the benefits or injury as the case may be to each separate tract of land to be affected thereby and to easements held by railway and other corporations and make report to the court, as directed under oath.'' Elliott's Supp., section 1186. The act then provides for a remonstrance by any person affected by the assessment, and any one or more of ten different reasons may be specified, among which are: "Third, by any person or persons, whose lands are assessed as benefited, that his or their specified lands are assessed too much as compared with other lands assessed as benefited or damaged." "Fifth, by any person whose lands are assessed as benefited, that the same will not be affected, nor benefited to the extent of the assessment by the proposed work if accomplished.'' Elliott's Supp., section 1187. This is the method provided for the levy and final adjustment of the original assessments. Concerning the repairs referred to, section 1193, Elliott's Supp., provides that the cost of repairs shall be apportioned upon the lands adjudged by the court benefited by the construction of the ditch in like proportion as benefits were assessed against said lands for the construction of said work.

It is the appellant's contention that this section was intended to direct that the assessment be made by the county surveyor, as drainage commissioner, just as in the first instance, the only difference being that he must

confine himself to the lands "adjudged by the court bene-fited by the construction," but in all other respects the assessment must be determined in the same way as the original; that the words "like proportion" do not mean "in the identical ratio," but in a just share, or, in pro-portion to the benefits as determined from an actual view of the premises, and a careful consideration of the results of cleaning the ditch.

It seems to us there is much force in appellant's posi-tion.

If appellee's contention that the assessment for repairs must be predicated upon the original assessment, and that each land-owner's share of the cost of the improve-ment is just such part of the whole cost, as his share of the original cost of construction was to its total cost, it would be hard to conceive why the Legislature should have provided a mode of appeal. It would then be only a matter of mere computation on the part of the county surveyor, the result of which would be fixed and un-changeable, so that an appeal could be of no avail. Yet an appeal is provided for by section 1193, *supra*, and it is directed therein how the cost of appeal shall be ap-portioned in case of a reduction of the assessment of the party appealing, evidently contemplating a trial of the issue of actual benefit and a finding of the court based thereon. Assuming for a moment, but not deciding, that appellee's position is correct it . clearly was not the intention of the Legislature that this assessment, based upon the original, should be conclusive, but only *prima facie*, and subject to the right of rebuttal by any person aggrieved, by proof that it was in excess of the benefits. This could be the only logical reason for a clause in the act providing for appeals and reductions. But, in the present case, the evidence as shown by the agreed state-

ment of facts, it will be remembered, is, that appellant's lands were in no way whatever benefited by the improvement, and yet they are compelled to pay more than one-fourth the total cost thereof, simply because, in the construction proceedings, they were assessed $400. The present assessment being a computation made upon the basis of the old one, it is so manifest an injustice that we can not sustain it, especially when such a construction of the statute, as is contended for, will avoid its provisions.

If the appellee's position be correct, then, as in this case, when a ditch has become of no benefit whatever to a man's land, owing to the changes in the topography of the country, wrought by nature or artificial means, he must continue, year after year, so long as the ditch is maintained, to contribute to the keeping up of a work, from which he derives no benefit whatever which would be a taking of his property for public use without compensation. Such a state of affairs would be a continued and perpetual cloud upon the title to his lands. A lien, the amount of which is uncertain depreciating the value of his property, while he receives nothing in return. We think a servient condition of this kind does not accord with the spirit of our laws on eminent domain.

It is fundamental that every man has the assurance of the enjoyment of his property, resting upon the proposition that if it is taken from him he will receive some compensation in return therefor, and that unless some benefit does accrue from a public work, neither he nor his property will be called upon to contribute thereto.

The evidence, as agreed upon, is that the purpose of these repairs was to keep the ditch "to the same depth, width and condition as when originally constructed;" also, that appellant's lands lay at the upper end of said drain, are mostly high, rolling and broken grounds, and

were not in any way whatever benefited by the repairs, and that "no part of the repairs was along the lands of the appellant." It thus appears that if appellant is compelled to pay the assessment levied it must contribute for a work, not only of no benefit to its lands, but which does not touch them, solely in the interest of adjacent lands in which it has no concern, and to the owners of which it is under no obligation. Under the rule that statutes must be so construed, if possible, as not to conflict with the organic law of the State, the statute in question must be construed to mean "in proportion to the actual benefits, as in the original construction," and not in proportion to the actual benefit for that purpose; and, so interpreted, it avoids any constitutional objection that may be urged against it. It will not do to insist that the appellant is estopped to controvert this assessment because it is submitted to the original assessment, which was merged into a judgment, or to assert that it is an admitted basis upon which subsequent assessments may be made.

The submission to and payment of a legitimate assessment will not estop or bar a party from contesting another assessment, made under a different clause of the same act, if such clause contravenes the fundamental rights of the property owner, nor does it follow, because the original construction of an improvement is then beneficial to property to a certain extent, that the condition will continue so as to authorize future assessments upon the same ratio.

Such a law implies that time and nature will continue the same status of property, when the fact is that relative values and benefits are continually changing, and the fallibility of the human intellect is not equal to the task of establishing a permanent basis of assessments.

The inevitable result of an act so construed as to pro-

vide for future assessments based upon former assessments is as sure to work irreparable injury as the mutations of time are to change the relative values of property, and in the end might lead to the defeat of the entire enterprise.   It would be unreasonable to hold the appellant bound by an assessment for repairs of no benefit to it whatever, which, by operation of law was estimated five or six years prior to the time the supposed benefits accrued, and without any knowledge whatever of what the condition of the lands would be at so long a time in the future.   If one tract can be assessed without benefit to it, so can all the lands affected by the original construction, and there would be no limit to the power of assessment for repairs, whether they would derive a benefit or not.   There are many insuperable objections to the law governing repairs as contended for by the appellee and as construed by the trial court, but placing upon it the more reasonable construction we have heretofore given it, that the assessment for repairs shall be made upon the lands assessed for the construction, in proportion as they will be benefited by the repairs, it can be upheld and serve a useful purpose in the general plan for the drainage of wet lands.

The judgment of the court below is reversed, with directions to order another assessment based upon the actual benefits to be derived from the proposed repairs.

Filed Dec. 19, 1894; petition for rehearing overruled Feb. 8, 1895.

## DISSENTING OPINION.

HOWARD, J.—While, so far as this case is concerned, taking the facts as correctly found, it would seem that the decision reached in the majority opinion is equitable as between the parties to the appeal; yet I am constrained to believe that the statute was correctly interpreted in the trial court, and consequently that the interpretation

Parke County Coal Company *v.* Campbell, Surveyor of Parke County.

reached by the majority of my brothers is unwarranted. It appears to me that the statute plainly means that the surveyor, in making assessments for the repairs of ditches, shall make them not only on the same lands but also in the same relative proportions as the original assessments for construction.

The Legislature, I think, in the enactment of the law, has clearly expressed its intent that after assessments have once been made and confirmed for the construction of a ditch, then, in assessing expenses thereafter for the repair of the same ditch, the surveyor shall have no discretion but to make the assessments in the same proportions as those originally made.

The appeal provided for, as seems to me, is only for the purpose of securing this end, that is, that the surveyor shall perform his duty as required by the statute, make the assessments for repair in the same mathematical proportion as the assessments for construction were made. The language could hardly be clearer, and we ought not to try to explain away its meaning. This court can only draw from the statute what it already contains, and can not inject into its language a purport that was never intended. We can not make law as we would have it, but must take it as it is. If the law is unconstitutional, it may be so declared. For any other relief appeal must be had to the Legislature itself.

Filed Dec. 19, 1894.