# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1896, IN THE EIGHTIETH
YEAR OF THE STATE.

---

No. 1,131.

## MORROW v. GEETING ET AL.

DRAINAGE.—*Repairing Drains.*—*Duty of County Surveyor.*—Under
section 5631, R. S. 1894, providing that the county surveyor shall
keep ditches in repair to their full dimensions as to width and
depth, as required by the original specifications, it is the duty of
the surveyor to have the portion of a ditch constructed in pursu-
ance of proceedings for that purpose, kept in repair, although an-
other portion of the ditch contemplated has been discontinued and
abandoned.

SAME. — *Repairing Drains.* — *Assessments.* — Lands assessed for
the original construction of a drain under section 5631, R. S. 1894,
are not subject to assessment for repairs thereto which do not ben-
efit them. The cost of such repairs is to be assessed only against
those benefited thereby.

SAME.— *Repairing Drains.*— When it is shown that the surveyor had jurisdiction to make the repairs, the presumption is that the assessments were made by him against the land-owners affected thereby, in proportion to the benefits received by such repairs.

From the Howard Circuit Court.

*Bell & Purdam, Blacklidge, Shirley & Moon,* and *Morrison & Holman,* for appellant.

*Elliott & Overton,* for appellees.

DAVIS, J.—The case here presented, arises on an appeal from an assessment, made upon appellees' lands, for the purpose of reimbursing the county treasury for moneys paid out for the cleaning and repairing of a certain ditch in Howard and Cass counties.

The court below made a special finding of facts, on which the court stated conclusions of law, in substance and to the effect that the surveyor had no authority to make the repairs, and that the assessments made by him against the lands of appellees were void. The appellant excepted to the conclusions of law. Judgment was thereupon rendered against the appellant for costs. The error assigned in this court brings in review the question, whether the trial court erred in the conclusion of law on the facts found.

The special finding shows, among other things, the following facts: In October, 1882, John Davis filed, in the clerk's office of Howard county, a petition for the construction of a drain in the counties of Howard and Cass. The entire length of the proposed Davis drain was 27,000 feet. Stake 0, in Howard county, was the commencing point. The stakes were numbered consecutively down stream, being placed at a distance of 100 feet apart, until stake number 270 of the main drain, being its outlet in Cass county, is reached. The petition also included a tributary,

known as the "Houser Tributary," 4,100 feet in length. The drain was duly established, assessments therefor made, the commissioner of drainage was charged with the construction of the work, who proceeded to have the drain constructed as ordered. In March, 1886, the commissioner reported to said court that said Davis drain had been duly constructed and received, except from stake 0 to a point 80 feet below stake 39, which report was duly approved by the court. In October, 1886, the commissioner reported that he had collected and expended all of the assessments in the construction of the work, except $25.00, and that said drain had not been completed, and could not be completed, under said proceedings, because of the lack of funds, and that in order that the parties benefited thereby should receive the proper drainage of their lands, a new petition would be necessary. This report was approved, the commissioner discharged, and the work under said proceeding discontinued. The proceedings were had under sections 4273 to 4284, inclusive, R. S. 1881. Thereafter, in the same month, Charles H. Templeton and others, filed in the clerk's office of Howard county their petition, under the statute above cited, asking for the construction of a drain, following the same line precisely of the Davis drain, from stake 0 to stake 178 of the Davis drain. Such proceedings were had that this drain was duly constructed.

It appears, from the special finding, that more than two miles of the lower end of the Davis drain, including the Houser branch, was completed and received under the original proceedings, and that the residue of the drain, as originally proposed, was completed and received under the supplemental proceedings. In other words, under the Davis petition and the Templeton petition, the entire system of drainage, as orig-

inally described and contemplated in the Davis petition, was fully constructed and received. The drain thus constructed was completed in accordance with the plans and specifications from stake 0 to stake 270 as one continuous drain.

The appellant, as surveyor of Howard county in 1890, caused that portion of the Davis drain, commencing at stake 178, in Howard county, and extending thence to its outlet in Cass county, at stake 270, to be cleaned out and repaired. The surveyor proceeded under sections 1193 and 1212, E. S. (sections 5631 and 5642, R. S. 1894). From the assessments made by the surveyor, the appellee, as before stated, appealed to the Howard circuit court. So far as the questions involved on the appeal are concerned, it is not necessary to refer to the special findings of the court with more particularity.

Counsel for appellees insist that the assessments made by the surveyor, for the purpose of cleaning out and repairing the drain, are illegal for two reasons:

1. Because he had no jurisdiction to make such repairs.

2. Because, in making such assessments, he did not apportion and levy the same upon all the lands assessed for the construction of the John Davis drain.

The contention that the surveyor had no jurisdiction to make such repairs, is predicated on the fact that the entire Davis drain, from stake 0 to stake 270, was not constructed in said original proceedings.

It does appear, however, as we have seen, that from stake 178 to stake 270 said drain was constructed in said original proceedings, and that the assessments in question were made for cleaning out and repairing the drain from stake 178 to stake 270. Moreover, it appears that in the two proceedings the entire drain

has been fully constructed in accordance with the plans and specifications, from stake 0 to stake 270.

In the view we take of the case, whether the drain was constructed under one or more proceedings, it was the duty of the surveyor, when the same was completed, to keep at least the portion in controversy in repair. Section 5631, *supra.*

If, however, it were true, that the drain had been constructed only from stake 178 to stake 270, and the residue of the work,—the upper end of the ditch,—had, in fact, been discontinued and abandoned, it was the duty of the county surveyor to have the specific portion so constructed, under the original Davis petition, kept in repair, and jurisdiction was conferred upon him to do so. *Artman* v. *Nynhoop*, 132 Ind. 17. In either view of the case, the surveyor, in our opinion, had jurisdiction to make the repairs.

The second proposition of appellees' counsel has also been settled adversely to them by a recent decision of the Supreme Court. *Parke County Coal Co.* v. *Campbell*, 140 Ind. 28.

It is decided, in the case cited, that the assessments for such repairs are to be assessed in proportion to the benefits received therefrom. Lands assessed for the original construction of the drain, not benefited by the repair, are not to be assessed for such repairs. Therefore, the assessments in question are not void on the ground that all the lands assessed for the construction are not assessed for the repairs. No complaint was made by the appellees, in the court below, that any man's land was assessed in excess of the amount of benefit received by him on account of such repairs.

When it is shown that the surveyor had jurisdiction to make the repairs, the presumption is that the assessments were made by him against the land-owners

affected thereby, in proportion to the benefits received by such repairs. If appellees desired to question the amounts of the assessments, on the ground that the assessments were not made on the basis of the benefits received from such repairs, or that there was some error in making the assessments on this basis, the burden rested on them to show that on this basis the assessments against them were excessive. *Rogers* v. *Venis*, 137 Ind. 221.; *Conwell* v. *Tate*, 107 Ind. 171; section 5631, *supra.*.

In our opinion, the surveyor had jurisdiction to make the assessments. The assessments are not illegal because all the lands assessed for the construction are not assessed for the repairs. It is not shown that any of the lands of appellees are assessed in excess of the benefits received from such repairs.

Therefore, the judgment is reversed, with instructions to restate the conclusions of law confirming the assessments made by the surveyor, and for further proceedings in accordance with this opinion.

Filed October 29, 1895; petition for rehearing overruled May 26, 1896.

## DISSENTING OPINION.

ROSS, J.—I am of the opinion, that a rehearing should be granted in this case, for the following reasons:

First. Because the trial court found as a fact that the drain in controversy [the Davis drain]' had been abandoned and was never completed.

The correctness of this finding is not questioned here, hence, this court has no power to say the drain was not abandoned. Until the ditch was completed and accepted by the court, the county surveyor had no jurisdiction over it. The court alone had control over the drain until it was accepted by the court as completed. The facts found by the court, instead of show-

ing that any part of the drain was accepted as completed, simply shows that the commissioner in charge of the construction, reported that work had been done thereon from station 178 to station 270; that the drain "had not yet been completed, and could not be done with the assessments therefor," and that thereupon the court discharged the commissioner and ordered the construction of the drain discontinued. The facts thus found by the trial court are conclusive upon this court, when we are not considering the sufficiency of the evidence to sustain the finding, but are simply to determine whether the facts found are sufficient to sustain the judgment rendered.

Second. The only basis upon which the assessment made by the surveyor can be sustained, is that the entire drain, from station 0 to station 270, is one continuous drain, and all under the charge of the appellant, as surveyor of Howard county.

If the Davis drain, as originally ordered constructed, was to extend from the station 0, in Howard county, to station 270, in Cass county, it must have been so far constructed and accepted by the court as completed, that the part thus accepted would extend into both counties, in order to give the appellant jurisdiction over it. The statute, section 1193, R. S. 1889 (section 5631, Burns' Rev. 1894), gives the surveyor control only over drains extending into two or more counties, that is, joint drains. Again, if it is conceded that station 270 is in Cass county, and station 178 in Howard county, that part of the drain from station 0 to station 178 is not a part of the Davis drain, because, between those stations the drain as constructed is the Templeton drain, which does not extend into Cass county, or any other county, but lies entirely within the limits of Howard county, and

under no circumstances has a county surveyor any authority or jurisdiction over it.

Third. The surveyor, in making repairs to a joint drain, "shall apportion and assess the costs of such repairs upon the lands adjudged by the court benefited by the construction of the ditch, in like proportion as benefits were assessed against said lands. for the construction of said work." Section 1193, *supra* (5631, *supra*).

It is true, that in the case of *Parke County Coal Co. v. Campbell*, 140 Ind. 28, the court held that the assessment for repairs need not be made in like proportions as benefits were assessed for the construction of the drain, but I am of the opinion that the holding of the court is in direct conflict with the statute itself, as above quoted. The decision of the court may be the just and true rule which should be applied in making such assessments, but that is not the rule designated by the statute. The statute gives the only power or right to make the assessment, and it designates that they *shall be apportioned and assessed in proportions as the benefits assessed for the construction of the drain,* and neither the surveyor nor the court have any power to make any other or different apportionment. I fully agree with the views expressed in the dissenting opinion of Howard, J., in *Parke County Coal Co. v. Campbell, supra.*

Filed May 26, 1896.