ROUNDENBUSH ET AL. *v.* MITCHELL, SURVEYOR, ETC.

[No. 18,815. Filed May 29, 1900.]

DRAINS.—*Maintenance.—Allotment.*—The facts that lands were not assessed for the construction of the drain, and that it had been adjudged when the drain was projected that they would not be benefited by its construction, will not exempt such lands from liability for the maintenance of the drain under the provisions of §5633 Burns 1894. *p. 618.*

SAME.—*Maintenance.—Allotment.—Constitutional Law.*—The act of 1889, §§5632–5636 Burns 1894, providing for the allotment of the work of maintaining a public drain is not unconstitutional as taking private property for public use without just compensation, and without due process of law, since the statute makes ample provision for notice to the landowners, and for a hearing upon all questions of law and fact, not only before the drainage commissioner, but, on appeal, in the circuit or superior court of the county, and by the express terms of the statute, there can be neither assessment nor allotment in the absence of equal compensating benefits. *p. 620.*

Roundenbush *v.* Mitchell.

From the Hamilton Circuit Court.  *Affirmed.*

*I. W. Christian* and *W. S. Christian,* for appellants.
*F. E. Gavin, T. P. Davis* and *J. L. Gavin,* for appellee.

DOWLING, J.—This is a proceeding under the provisions of the act of 1889 for an allotment of the work of keeping a public drain in repair.   Acts 1889, p. 53, §§5632-5636 Burns 1894.

The appellee, who was the county surveyor, and, *ex officio,* a drainage commissioner, in pursuance of §5633, *supra,* after notice duly given to the persons to be affected, apportioned to each parcel of land benefited by a public drain in Hamilton county, a division thereof, to be cleaned out annually and kept in repair by the owner of each of said tracts.   This apportionment was made upon the basis of the benefits alleged to be received.

Roundenbush, together with some ten other persons, appeared before the surveyor, at the time and place named in the notice, and objected to the allotment made by that officer. Their objections were overruled.

A joint appeal from the allotment so made was taken by the objectors to the Hamilton Circuit Court.   A copy of the record of such allotments, and of the objections made thereto, was filed, and these properly constituted the pleadings upon such appeal.   §5636 Burns 1894; *Romack* v. *Hobbs,* 13 Ind. App. 138.

The appellee demurred to each objection for the insufficiency of the facts stated, and his demurrers were sustained to all of the objections, excepting the *fifth* and *sixth,* which were thereupon withdrawn.   The appellants refusing to plead further, the court rendered judgment on the demurrers in favor of the appellee.

The errors assigned question the correctness of the decision of the court upon the demurrers to the objections.

The substance of the *first, second, third,* and *fourth* objections was that the lands of the appellants were not among

those assessed for the *construction* of the drain, and that it had been adjudged by the Hamilton Circuit Court that said lands were not benefited by said drain, and were not liable to assessment for the construction thereof. It was also averred that the attempt to subject appellants to a portion of the burden of maintaining the said drain was a collateral attack upon the said judgment.

In the *seventh* objection, it was alleged that the proposed allotment was in violation of both the federal, and State Constitutions, because it sought to take private property for public use without just compensation, and without due process of law.

It is apparent from the language of the statute that the facts that the lands of the appellants were not assessed for the construction of the drain, and that it had been adjudged when the drain was projected that they would not be benefited by its construction, did not exempt those lands, and their owners, from future liability for the *maintenance* of the drain.

Provision is made in the act for alloting the work of maintaining the drain to two distinct classes of persons, viz.: *First,* the owner of each tract of land, etc., which had been assessed for the original construction of the drain; and, *second,* the owner of each tract subsequently benefited by the drain, without regard to the original assessment, the statute being as follows:

"Section 5633. It shall be the duty of the county surveyor in each county in this State in which any such ditch or drain, or part thereof, is located, to proceed to view and examine each and every such ditch or drain within his respective county, and to fix and determine the portion thereof that the owner of each tract of land and each corporation, county or township, assessed for the construction thereof should annually clean out and keep in repair, *and shall also, at the same time, set apart and apportion to each parcel of land, and to each corporate road or railroad, and to the*

Roundenbush *v.* Mitchell.

*township where public highways are benefited, a share or portion of such ditch or drain, according to the benefits to be received thereby, to be cleaned out annually and kept in repair by the owner of each tract of land or by such corporate road or railroad or by the township."*

The expediency of such a provision is obvious. It might easily result from natural causes, or from artificial changes in the condition of the lands in the vicinity of a public drain, that tracts not originally benefited by the construction of the ditch, nor in any way dependent upon it for drainage, would, afterwards, derive valuable advantages from its maintenance. The obstruction of natural waterways, or a change in the course of creeks or rivers, the drainage and reclamation of large areas of marsh lands, the cutting down of forests, or other alterations in the condition or use of neighboring real estate, might effect such change.

Or, the construction of new and convenient highways, rendered practicable only by the reclamation of areas of wet lands by the construction of a public drain, might add to the convenience and increase the value of lands which were, at first, properly held unaffected by the construction of the drain.

On the other hand, lands originally assessed for the construction of the drain might cease to be benefited, and, therefore, become exempt from allotments for repairs, or, if liable, responsible only in a reduced ratio. *Park County Coal Co.* v. *Campbell*, 140 Ind. 28; *Chambliss* v. *Johnson*, 77 Iowa, 611, 42 N. W. 427.

The suitable maintenance of a public drain is, in most cases, quite as necessary as its original construction. The power to assess for that purpose continues so long as the drain exists, and is of public utility, and may be exercised, from time to time, upon the lands and their owners according to the benefits received. *Johnson* v. *Lewis*, 115 Ind. 490; *Kirkpatrick* v. *Taylor*, *Treas.*, 118 Ind. 329; *Zimmerman, Treas.*, v. *Savage*, 145 Ind. 124; *Romack* v. *Hobbs*,

13 Ind. App. 138; *Beatty* v. *Pruden*, 13 Ind. App. 507; *Morrow* v. *Geeting*, 15 Ind. App. 358.

The cases cited by appellants in their brief are not applicable here. This proceeding, as has been stated, was taken under the act of 1889. *Romack* v. *Hobbs*, *supra*, and *Park County Coal Co.* v. *Campbell*, 140 Ind. 28, referred to by appellants were decisions under the act of 1885. That statute contains no provision for allotments upon lands other than those originally assessed for the construction of the drain.

The appellants next contend that this proceeding is *unconstitutional*, for the reason that under it private property is sought to be taken for public use without just compensation, and without due process of law.

There is nothing in this objection. The statute makes ample provision for notice to the landowner, and for a hearing upon all questions of law and fact, not only before the surveyor, or drainage commissioner, but, on appeal, in the circuit or superior court of the county. By the express terms of the law there can be neither assessment nor allotment in the absence of equal compensating benefits. Under such circumstances, the validity of like statutes, uniformly, has been upheld. *Hagar* v. *Reclamation Dist.*, 111 U. S. 701, 4 Sup. Ct. 663, 28 L. ed. 569; *State* v. *Stewart*, 74 Wis. 620, 43 N. W. 947; *Morrow* v. *Geeting*, 15 Ind. App. 353; *Park County Coal Co.* v. *Campbell*, 140 Ind. 28; *Lipes* v. *Hand*, 104 Ind. 503; *Weaver* v. *Templin*, 113 Ind. 298; *Moffit* v. *Medsker, etc., Assn.*, 48 Ind. 107; *Etchison, etc., Assn.* v. *Hillis*, 40 Ind. 408; *State* v. *Johnson*, 105 Ind. 463; *Swain* v. *Fulmer*, 135 Ind. 8; *Fries* v. *Brier*, 111 Ind. 65; *O'Reiley* v. *Kankakee, etc., Co.*, 32 Ind. 169; *Trimble* v. *McGee*, 112 Ind. 307; *Zigler* v. *Menges*, 121 Ind. 99, 16 Am. St. 357; *Gifford Drainage Dist.* v. *Shroer*, 145 Ind. 572.

The demurrers to the objections filed by the appellants were properly overruled, and we find no error in the record. Judgment affirmed.