## KILTY ET AL. *v.* MICHAEL.

[No. 23,468.   Filed April 6, 1921.]

1. DRAINS.—*Establishment.—Proceedings.—Statutory Character.*—Drainage proceedings are wholly statutory, and questions as to the authority of the court in constructing a new drain, or changing, repairing, or extending an established drain, must be solved by reference to the statutes. p. 382.

2. DRAINS.—*Repair and Extension.—Petition.—Sufficiency.—Statutes.*—A petition alleging that petitioner owned lands affected by an existing drain which was out of repair and not sufficient to perform the drainage for which it was designed and intended, and that it could be made sufficient by extending its length, so that a sufficient fall might be had, deepening it so as to give an outlet for all water drainage thereto, and by running tile down the ditch, is sufficient, under §6174 Burns 1914, Acts 1913 p. 153, to invoke the jurisdiction of the court to change, repair and extend the drain. p. 383.

3. DRAINS.—*Repair and Extension.—Questions of Fact.—Character of Proposed Drain.—Statutes.*—Whether the changes necessary to make an existing drain serviceable were the repair, change and extension of an existing drain under §6174 Burns 1914, Acts 1913 p. 153, in which event the proceeding could not be defeated by a remonstrance of two-thirds of the landowners affected, or whether they amounted to the construction of a new drain, in which event the proceedings could be defeated by a remonstrance of two-thirds of the landowners under §6142 Burns 1914, Acts 1907 p. 512, §3, was a question of fact to be decided by the trial court on the evidence. p. 383.

4. APPEAL.—*Review.—Findings.—Conclusiveness.*—Where there is evidence to support a finding by the trial court on a question of fact, the court on appeal will not weigh the evidence, but will accept the finding as true. p. 383.

5. ABATEMENT AND REVIVAL.—*Plea in Abatement.—Filing After Answer in Bar.—Effect.—Statutes.*—Under §371 Burns 1914, §365 R. S. 1881, requiring an answer in abatement to precede an answer in bar, a plea in abatement was properly stricken out where filed by defendants after they had filed an answer in bar. p. 384.

6. APPEAL.—*Review.—Harmless Error.—Striking Out Plea in Abatement.*—Sustaining a motion to strike out a plea in abatement did not harm defendants where the facts alleged therein did not constitute any defense to the proceeding. p. 384.

7. DRAINS.—*Repair and Extension.—Assessment of Lands · Not Assessed for Original Construction.*—In a proceeding under §6174 Burns 1914, Acts 1913 p. 153, for the change, repair and extension of an existing drain, the authority given by that section to proceed under §§6142, 6143 Burns 1914, Acts 1907 p. 508, §§3, 4, after making the preliminary finding, empowers the commissioners in assessing benefits and damages to each separate tract of land to be affected by the drainage improvement as required by the latter sections, to assess lands which were not assessed for the construction of the original drain, but which by the construction of lateral ditches and tile drains had been made to drain into the ditch to be improved, and, therefore, would be benefited by its repair, change, or reconstruction. p. 384.

From Huntington Circuit Court; *Nelson G. Hunter,* Special Judge.

Drainage proceeding on the petition of William Michael. From the judgment rendered, Andrew Kilty and others appeal. *Affirmed.*

*Fred H. Bowers* and *Milo N. Feightner,* for appellants.

*Sumner Kenner* and *George M. Eberhart,* for appellee.

EWBANK, J.—In 1895 the John Young drain was established and constructed, commencing near the center of the southwest quarter of section 26, township 29 north, range 8 east, in Huntington county, Indiana, and extending southeastwardly across that section and across sections 35 and 36, a distance of 10,380 feet, and terminating at a highway on the south boundary of sec-

tion 36, which was also the south boundary of the farm now owned by appellee. From this point the ground sloped toward the southeast, and the water ran along a channel worn by its action to an open ditch a quarter of a mile away. But no drain was established between the highway and the latter ditch. Four thousand feet of the upper end of the drain was tiled; 1500 feet with eight-inch tile, 700 feet with twelve-inch tile, and 1,800 feet with fifteen-inch tile, and 6,380 feet at the lower end was an open ditch. Some of the way this ditch ran between high banks, but at the lower end, where it crossed appellee's farm, the ground was low and flat, and the ditch was not very deep. No arms or laterals of this drain were established by law. But the owners of 300 acres or more lying east of the district originally assessed for the construction of the John Young drain afterward constructed an open ditch flowing into it from the northeast, which drained their lands, and the owners of several other tracts near the public drain laid tile emptying into it. It was shown without controversy that sediment which washed down the open part of the ditch filled it up at the lower end, on appellee's farm, and that the ditch overflowed on his farm and drowned out his crops over a considerable area almost every year, but that there was ample fall to a sufficient outlet across the next farm south. In May, 1917, appellee filed a petition signed by himself alone, alleging that he owned certain lands affected by and assessed for the construction of the John Young drain, that it was out of repair and not sufficient properly to perform the drainage for which it was designed and intended, that it was partially an open ditch, and that the high banks along the upper part of such open ditch slide into it and stop it up, and that there was not sufficient fall at the lower end of the ditch, and that the said John Young drain could be made sufficient to properly

perform the drainage for which it was designed and intended, by extending its length, so that a sufficient fall might be had, deepening it so as to give an outlet for all water drainage thereto, running the tile farther down the ditch, and using larger tile. He named and gave notice to eleven alleged owners of the lands originally assessed for the construction of the John Young drain. On June 9, 1917, the cause was docketed, and on that day eleven owners of lands draining into the old drain which (apparently) were not assessed for its original construction, together with the two owners of the farm below the end of that drain, through which it was proposed to extend it, filed their petition to be made parties, and together with nearly all of the landowners named in the petition, to the total number of twenty-one owners of lands to be affected by the proposed drain, filed remonstrances stating that they constituted two-thirds of all parties affected by the drainage proceeding, and that they objected and remonstrated against "the construction of said drain," and asked that the proceeding be dismissed and the petition denied.

At the same time the remonstrators filed an answer to the petition in three paragraphs, of which the first paragraph was a general denial, the second asserted that the old drain "is ample and sufficient to drain all lands * * * and the lands * * * of all parties concerned," and the third stated that, if constructed, the drain petitioned for would not be a repair of the old drain, but would be a new drain with branches and laterals by which the lands of said defendants would be affected. A reply in general denial to the second and third paragraphs of said answer was filed. Appellee at the same time filed a motion to strike out the "two-thirds" remonstrance. The cause was then submitted for trial, on the issues joined, on June 30, 1917, and was continued for argument to July 30, 1917, on

which date the court found "for the petitioner (appellee) that the facts averred are true, that viewers should be appointed as prayed," and did appoint drainage commissioners, and ordered that they should proceed to view and inspect the contemplated work and report thereon, and ordered that the cause be continued as to all other matters.

A motion for a new trial was filed by appellants the same day, but the record does not show that this motion ever was ruled on, or that appellants saved any exception in relation to it.

The drainage commissioners filed a report that the proposed repair of said drain was practicable, that it would improve the public health, benefit the public highways, and be of public utility, that the costs, damages and expenses would be less than the benefits to the lands assessed therefor, and that the best and cheapest method to accomplish such repair work would be to commence at the lower end of the fifteen-inch tile, as laid when the drain was originally constructed, and lay tile downstream along the open ditch a distance of 6,184 feet, to a point near where the original drain terminated, at the south boundary of appellee's farm, the tile to be used ranging in size from sixteen inches in diameter at the upper end, where it joined the old fifteen-inch tile, to twenty-seven inches at the lower end, and thence to construct an open ditch, more than four feet deep at the upper end, leading down across a forty-acre tract to an outlet, a distance of 1,316 feet. Nothing was to be done to the upper 4,000 feet of the original drain, which was tiled when the drain was first built. The cost was assessed, not only against all of the lands originally assessed for the construction of the drain, but also against more than 600 acres which had subsequently been made to drain into it by means of open ditches and tile, and also against the forty-acre tract

across which the ditch was to be extended, and the forty-acre tracts lying east and west of it, respectively, the three last-mentioned tracts being assessed for $20, $12 and $25, while other assessments upon that amount of land ran as high as $320.

After notice to new parties, the appellants jointly filed a plea in abatement verified by their attorney, stating in substance that the report provided for deepening a large part of the old drain, and putting into the part which had been constructed as an open drain tile larger than were used in the part at the upper end originally tiled, and for extending the ditch a quarter of a mile downstream to an outlet, and for assessing the cost against more than 600 acres of additional lands, as well as against all those originally assessed for the construction of the drain. A motion to strike out this plea for the alleged reason that it did not state any statutory ground of remonstrance, and that appellants had previously filed an answer in bar, was sustained, and appellants excepted. Some further evidence was heard, on March 25, 1918, upon the issue joined on the answers alleging that, if constructed, the improvement petitioned for would be a new and different drain and not the repair of the old drain, after which the court sustained appellee's motion to strike out the "two-thirds remonstrance," and appellants excepted.

The appellants then filed a motion to strike out the report of the drainage commissioners for the alleged reasons that it provided for the construction of a new and different drain, larger, deeper and longer than the one which the petition asked to repair, and that the court was therefore without jurisdiction, which motion was overruled, and appellants excepted. And the court thereupon ordered the drain established and confirmed the report of the drainage commissioners, and the assessments made therein, and ordered the drain con-

structed, all on the same day that the "two-thirds remonstrance" was struck out and the motion to strike out the drainage commissioners' report was overruled.

On that day the appellants also filed their motion for a new trial, the only proper specifications of which were that the decision is not sustained by sufficient evidence, and is contrary to law. This motion was overruled, and appellants excepted, and perfected a term appeal. None of appellants filed or offered to file a remonstrance asserting that any part of the lands assessed would not be benefited, or challenging the amount of any assessment, or putting in issue any findings made by the drainage commissioners. The only relief asked or sought was based on the assumption that the trial court was entirely without jurisdiction.

No question is presented as to the right of any one or more of the appellants, separately, each to defeat the assessment against his land in whole or in part, or to obtain any relief based upon any other cause than lack of jurisdiction of the court to order the work done.

The evidence set out in the bill of exceptions shows that more than two-thirds of the owners of lands affected by the proposed improvement joined in the remonstrance which the court struck out, and tends to establish the other facts substantially as above stated.

The following plat shows the boundaries of the original drainage district, and to what extent lands outside of that district were assessed for the cost of the proposed repairs, the broken lines around the outside inclosing the added territory. Appellants have assigned as errors the overruling of their motion for a new trial, and of their motion to strike out the report of the viewers, and the action of the court in striking out their plea in abatement and their "two-thirds remonstrance." Under these several assignments they discuss and rely only upon the propositions (a) that this was an ac-

tion to establish and construct a new drain under pretense of repairing an old one, of which a court could not acquire jurisdiction, and (b) that the filing of the remonstrance by two-thirds of the owners of lands to be affected deprived the court of all jurisdiction to proceed in the matter, and to establish the drain.

The remonstrance by all but two or three out of two dozen landowners affected, filed on the day the petition was docketed, was sufficient to defeat the proceeding if it was, in fact, a proceeding for the construction of a new drain. §6142 Burns 1914, Acts 1907 p. 508, §3.

But if it was only a proceeding to extend, repair, and tile an existing public drain, and if the court properly

found "that such drain as originally constructed, and as existing, is not sufficient to properly drain the lands intended, and that the proposed repairs, change, or extension thereof, will probably accomplish such proper drainage and will be of public utility," then the right granted under §3 of said act (§6142, *supra*) to remonstrate against and prevent the accomplishment of such repairs, changes, or extension, is denied by the statute, and the "two-thirds remonstrance" must be disregarded. §6174 Burns 1914, Acts 1913 p. 153.

Drainage proceedings are wholly statutory, and questions as to the authority of the court in constructing a new drain, or changing, repairing, or extending a drain already established, must be solved by a reference to the statute. Section 19 of "An act concerning drainage," as amended (§6174, *supra*) provides, in part, as follows: "That the owner of any tract of land affected by and assessed for the construction or tiling of any public drain  *  *  *  shall have the right to file a petition and therein allege that any such public drain, or any part thereof  *  *  *  being out of repair is not sufficient to properly perform the drainage for which it was designed and intended, and that it can be made sufficient and perform the drainage for which it was designed and intended, by filing and covering   or   by   increasing   the   size   and   number of the tile and changing the course or extending the length thereof, or by making any other change therein which would be of public utility.  *  *  *  If, after a hearing on such petition, such change, extension or repair shall be ordered, then such repairs, extension or change shall be executed in conformity to sections three and four (§§6142, 6143 Burns 1914) and all provisions thereof," etc.

Appellee's petition seems to have been sufficient under this statute, and its sufficiency is not questioned by ap-

pellant.    It invoked the jurisdiction of the court, in case it found the allegations of the petition were true, to "repair, change and extend" the drain, and to "tile and cover" such part of it as might be necessary in order that the drain might be "made sufficient and perform the drainage for which it was designed and intended." Certainly the original drain was "designed and intended" to drain appellee's farm, across which it was constructed for half a mile, and also to reach an outlet from which the water would flow away, and not to throw the waters brought down from above, upon lands at the lower end, so as to render them unfit for cultivation.

There was ample evidence from which the court might have concluded that to make the existing drain serviceable tile should be placed in the open ditch, commencing at the lower end of the old tile, and extending down to near the old outlet, and that the open ditch should be deepened and extended from that point to where an existing ditch gave sufficient outlet for the water to run away.    Whether or not this was the fact, or whether the petition sought the construction of a new drain and not the repair of the old one, was a question of fact to be decided by the trial court upon the evidence.    *Huffman* v. *Newlee* (1920), 189 Ind. 14, 124 N. E. 731.    If the court found the allegations of the petition to be true, it had authority to make the necessary changes and extensions under the statute cited, and appellants could not defeat the proceeding by a "two-thirds" remonstrance.    §6174, *supra.*

We must conclude that the trial court believed that part of the evidence tending to show that appellee's petition only sought to extend the open ditch to a sufficient outlet, and to tile a portion of the open ditch below where tile was originally laid, and

that such extensions, changes and tiling were necessary to make the existing drain sufficient properly to perform the drainage for which it was designed and intended. And we find in the record ample evidence, if believed, to support a finding to that effect. Where there is evidence to support the finding this court will not weigh the evidence,. but will accept the finding as true. Such being the case, the court did not err in rejecting appellants' "two-thirds" remonstrance, nor in overruling their motion for a new trial.

Appellants' plea in abatement was properly rejected for the reason that they had previously filed an answer in bar. §371 Burns 1914, §365 R. S. 1881. And

5, 6. the facts therein alleged not constituting any defense to the proceeding, appellants were not harmed in any event.

The authority to proceed under §§3 and 4 of the act concerning drainage (.§§6142, 6143, *supra*) after making the preliminary finding that the drain as

7. originally constructed must be repaired, changed, or extended in the manner petitioned for, in order properly to accomplish the drainage for which it was designed and intended, and that such repair, change, or extension will be of public utility, included power to bring in other lands which, by the construction of lateral ditches and tile drains, had been made actually to drain into the old ditch, and therefore would be affected by its repair, change, or reconstruction. Sections 3 and 4 (§§6142, 6143, *supra*) of said act provide that the drainage commissioners to whom a drain is referred may "assess the benefits and damages to each separate tract of land to be affected thereby," and that notice shall be given to the owners of such lands, and that they shall have the same rights of remonstrance and be subject to the same liabilities as the landowners named in the original petition.

"The expediency of such a provision is obvious. It might easily result from natural causes, or from artificial changes in the condition of the lands in the vicinity of a public drain, that tracts not originally benefited by the construction of the ditch, nor in any way dependent upon it for drainage, would, afterwards, derive valuable advantages from its maintenance." *Roundenbush* v. *Mitchell* (1900), 154 Ind. 616, 619, 57 N. E. 510.

The mere fact that lands not originally assessed for the construction of the drain were assessed for the repairs, changes and extensions ordered by the court did not affect the jurisdiction of the court, nor afford any ground for abating the suit or for striking out the report of the drainage commissioners.

The judgment is affirmed.

Townsend, J., absent.