### WOHADLO ET UX *v.* SZCZYGIEL

[No. 17,295. Filed January 19, 1945. Rehearing denied March 13, 1945. Transfer denied April 30, 1945.]

*Fred Barnett,* of Hammond, for appellants.

*A. A. Bochnowski* and *Joseph J. Wasko,* of East Chicago, for appellee.

CRUMPACKER, J.—On or about July 10, 1932, one Katryzna Fary, a resident of Lake County, Indiana, died intestate leaving nine children as her heirs at law, one of whom is the appellant Mary Wohadlo, wife of the appellant, Stanley Wohadlo. At the time of her death the said Katryzna Fary was the owner of certain real estate in the city of East Chicago improved by a two-story brick veneer building, on the second floor of which there is a six-room living apartment which was occupied by the appellants at the time of Katryzna Fary's death. In due course the appellant, Mary Wohadlo brought suit in the Lake Superior Court against her brothers and sisters, as her co-tenants in common, for the partition of said real estate and the court, after having heard the case

to a decision, found a partition in kind was impossible without irreparable damage to the premises, ordered the same sold at public auction and the proceeds divided among the several owners according to their interests and appointed a commissioner to make such sale and distribution. The appellee, Stanley Szczygiel was the successful bidder at such commissioner's sale and with the court's approval said commissioner executed his deed accordingly. Armed with such deed the appellee demanded possession of said six-room apartment then occupied by the appellants who refused to surrender the same. The appellee thereupon brought this suit in Lake Superior Court to recover such possession together with damages for the alleged unlawful detention of the premises. The appellants filed answer in two paragraphs, the first of which is a special denial, as provided by Rule 1-3, and the second, in substance, alleges that there was a prior action pending between the same parties and involving the same subject matter at the time the appellee's suit was filed. No pleading of any character was addressed to the second paragraph of answer. The cause was tried to the court and resulted in a general finding for the appellee and judgment that he have immediate possession of the premises involved and damages in the sum of $1572.00 for the unlawful detention thereof. Appellants' motion for a new trial was overruled and the sole error assigned in this appeal challenges such ruling on the grounds that: (1) The decision of the court is not sustained by sufficient evidence; (2) the decision of the court is contrary to law; and (3) the damages recovered are excessive. Under the rules governing appeals to this court we must consider the question of excessive damages as having been waived by the appellants as, under that section of their brief devoted to the statement of

"Propositions, Points and Authorities," the question is neither stated as a proposition nor is it counted upon as a point under any other proposition. Nowhere in the appellants' brief is the subject of excessive damages discussed or reasons stated in support of such contention. See Rule 2-17 (f.) 1943 Revision.

We are urged to dismiss this appeal without consideration of its merits because of the alleged failure of the appellants' brief to meet the requirements of Rule 2-17 (f.), *supra*. Whatever virtue there may be in this contention we feel that, in view of the fact that our decision, in any event, must be favorable to the appellee, the ends of justice will best be served by a determination of the basic questions involved and that such procedure may prevent future litigation between the same parties over the identical subject matter.

The appellants present but two questions for our determination. First, they say the decision of the trial court is not supported by the evidence because such evidence discloses that when this action was begun there was a prior action pending between the same parties involving the same subject matter and, therefore, there can be no recovery herein. The evidence tending to prove the pendency of a prior action for the same purpose between the same parties was introduced to establish the allegations of the second paragraph of the appellants' answer which pleads matters purely in abatement. As we have heretofore stated the first paragraph of said answer is a special denial as provided by Rule 1-3 and is strictly in bar of the cause of action pleaded in the complaint. It has long been settled that a plea in abatement must precede and cannot be pleaded with or after an answer in bar and the issues joined on such pleas must be tried first and separately. § 2-1034, Burns' 1933, § 138, Baldwin's

1934. *Kilty* v. *Michael* (1921), 190 Ind. 374, 130 N. E. 531; *Boland* v. *Claudel* (1914), 181 Ind. 295, 104 N. E. 577; *Mansfield* v. *Hinckle* (1924), 81 Ind. App. 6, 139 N. E. 700; *Estey* v. *Barnes* (1896), 14 Ind. App. 446, 42 N. E. 1118. A plea in abatement filed with one in bar is a waiver of the matter in abatement and any evidence in proof thereof cannot be considered by the court. This was the rule at common law and still remains the rule under our present code. *Field* v. *Malone* (1885), 102 Ind. 251, 1 N. E. 507; *Smith* v. *Pedigo* (1896), 145 Ind. 361, 423, 33 N. E. 777, 44 N. E. 363. Therefore eliminating all evidence pertaining to matters in abatement, as we must, we have nothing left in support of the appellants' first contention.

The appellants' second and last proposition is that the decision of the trial court is contrary to law because the court in which the partition suit was decided and under the authority of which the judicial sale was had whereby the appellee acquired his interest in the real estate in controversy, had full jurisdiction and authority to put the appellee in possession of the premises by the issuance of a writ of assistance and that the appellee, by his failure to ask for such writ, has waived his right to sue in ejectment. That a writ of assistance would have been a proper remedy cannot be disputed, but we have been cited to no authority, nor can we find any, to the effect that such remedy is exclusive. The exact contrary seems to be the well settled law in Indiana. This court is committed to the rule that the remedies given a purchaser of land at a judicial sale by writ of assistance and by any other legal action for the purpose of obtaining possession of the land purchased are concurrent and that either or both of such remedies may be pursued until relief is had. *Gelling* v. *Clark* (1931), 93 Ind.

App. 346, 154 N. E. 392. See also 31 Am. Jur. Judicial Sales, §§ 176, 177, p. 497, and cases cited. As our statute specifically provides that anyone "having a valid subsisting interest in real estate and a right to the possession thereof may recover the same by action to be brought against the tenant in possession . . .," it is obvious that the appellee was legally justified in pursuing the remedy he chose and that his failure to seek ent action. § 3-1301, Burns' 1933, § 941 Baldwin's 1934. relief through a writ of assistance is no bar to the pres-

Judgment affirmed.

NOTE.—Reported in 58 N. E. (2d) 759.