No. 11,839.

REASONER ET AL. *v.* CREEK ET AL.

DRAINAGE.—*Right of Property Owner not Assessed with Benefits or Damages to Remonstrate.*—A property owner whose land will be injured by the construction of a ditch has a right to appear and remonstrate, although no damages are assessed in his favor, and although no benefits are assessed. against his land.

From the Blackford Circuit Court.

*J. Cantwell, S. W. Cantwell* and *W. A. Bonham,* for appellants.

ELLIOTT, J.—The appellees were petitioners for the establishment and construction of a ditch. The appellants, within ten days after the filing of the report of the commissioners of drainage, filed separate remonstrances, in each of which the remonstrant alleged that he was the owner of real estate, and gave a particular description of it, and stated that he was not assessed for benefits or damages, but that his land would be greatly affected by the construction of the proposed ditch, in that its construction as proposed would overflow his land, without giving him any outlet for the drainage thereof, thereby rendering it impossible for him to properly drain and cultivate it. It is also alleged in each of the remonstrances, " that the report of the commissioners is not according to law; that the land will be damaged in the sum of seven hundred dollars, because the construction will cause the overflow of the land, and no damages have been assessed; that the damages will exceed the benefits; that the proposed ditch will neither improve the public health, nor benefit any public highway, nor be of public utility." On motion of the appellees the remonstrances were rejected, and it is the ruling on this motion that is presented for review.

It seems clear on principles of natural justice that the law will not allow a man's land to be directly and materially in-

jured by a public work of this character, and yet leave him remediless. It is evident, also, that such a course would be antagonistic to the spirit of the constitutional provision, that no man's property shall be taken for a public use without just compensation. So, too, it seems that the public and adjacent land proprietors can not justly secure a benefit to themselves at the expense of a serious injury to another's property. But the case made by the remonstrance is stronger than if it were conceded that the construction of the ditch would be a public benefit, for, as appears from our synopsis of the facts stated in each of the remonstrances, the ditch would not benefit the public. As it would not benefit the public, it must necessarily result that it would only benefit private persons, and no principle of law is more firmly settled than that private property can not be taken for a private purpose. It is true that there does not appear to be a direct taking, but an injury to land to the extent of several hundred dollars is, in a restricted sense, at least, a taking. We suppose that if the construction of a ditch would submerge adjacent lands and render them valueless, there could be no doubt that the owners would be entitled to compensation. But, whether there was or was not a seizure of property, there was, upon the case made by each of the remonstrances, a direct and material injury, and in our judgment the statute does not mean to authorize the construction of a ditch without compensation to those whom it would directly injure. Whether a statute would be valid which undertook to authorize the construction of a ditch without providing for compensation for injuries resulting to private property, we need not decide, as our opinion is that the statute contemplates the assessment and payment of damages to all who suffer a direct injury from the construction of a ditch.

If a property owner whose land would be injured by overflows which the construction of a ditch would cause can not secure just compensation because the ditch commissioners decide that it is not necessary to assess him with benefits or

damages, then, all that need be done to defeat his rights would be to leave such property out of consideration. Plainly, this would be unjust. We can see no reason for holding that a property owner must be denied compensation for injuries merely because the ditch commissioners have not deemed it proper to investigate and report upon his rights, or because the petitioners have not described his land in their petition. The ultimate and substantial question is, will the complainant's land be directly injured? not was his land described in the petition or mentioned in the report of the commissioners? It is not in the power of the petitioners or of the commissioners to cut him off from his right to compensation, for that right does not depend upon what the petitioners or the commissioners may do, or omit to do, but upon the fact of a direct and material injury to his land. If it is ascertained that he will sustain a legal injury entitling him to compensation, the law awards it to him, and no act or omission of petitioners or commissioners can keep it from him. If the facts and the law entitle him to compensation, what has been done or left undone by the petitioners and commissioners is of no importance.

The principles which we have stated demonstrate the right to compensation in cases such as those made by the remonstrants, and the only question is as to the remedy. If it be established that there is a legal right, then there must be a remedy, for the ancient maxim, " There is no right without a remedy," rules the case.

We can conceive of no just reason why the land-owner may not invoke the assistance of the courts for the vindication of his right, by becoming a party to the original cause and asserting his rights by a remonstrance. Such a procedure has the great merit of simplicity and directness; it has also the merit of preventing multiplicity of actions, and of settling the controversy before the work of constructing the ditch has been actually entered upon. These are important considerations, for the law abhors a multiplicity of actions, encour-

ages diligence, seeks simplicity, and discourages circumlocution. Where there is a direct road to the complete settlement of a controversy, it is always preferable to a roundabout one. We are to keep these fundamental doctrines in mind in construing the statute, for we are not to presume, unless the rigor of the language drives us to that course, that the Legislature meant to overthrow settled and salutary principles. We find nothing in the statute requiring us to deny a land-owner, who will be injured by the construction of a ditch, the right of remonstrating, although no benefits are assessed against him, nor damages assessed in his favor. The language of the statute is this: " Upon the making of such report to the court, ten days shall be allowed to any owner of lands affected by the work proposed to remonstrate against the report." Acts 1883, p. 176, sec. 3.

A person whose land is injured to the extent of seven hundred dollars, or to any material extent, comes within the description " any owner of lands affected by the work proposed." It is true that in enumerating the causes for a remonstrance the question of benefits and damages appears to be restricted to persons actually assessed, but there are other causes which it seems clear may be urged by persons not assessed. This is notably true of the first, seventh, eighth and ninth causes enumerated. But we do not think that the failure to enumerate the causes properly should be treated as denying a land-owner, whose property is affected, the right of remonstrating, since such a construction would completely nullify the clause we have quoted, and as the rule is, that all the words of a statute shall be given effect, and no word or clause be treated as meaningless or superfluous, we must avoid that result if possible. This can be accomplished without doing violence to the letter or spirit of the act, by holding that the enumeration is not complete or exhaustive as to parties against whom no assessments are reported. There are no negative words restricting this construction, for the language is this : "And

any such remonstrance shall be verified by affidavit and may be for any or all of the following causes."

In our opinion the court erred in sustaining the appellees' motion to reject the remonstrances.

Judgment reversed.

Filed April 30, 1885.