14,861.

## GOODWINE *v.* LEAK ET AL.

DRAINAGE.—*Authority of Drainage Commissioners.*— *Objections.*—The author-
ity of drainage commissioners to act in the matter of opening a ditch
can not be questioned for the first time by a motion for a new trial.
SAME.—*New Trial.*—It is no ground for granting a new trial to the appel-
lant that other lands than his were not properly assessed.

From the Warren Circuit Court.

*J. W. Sutton* and *W. L. Rabourn,* for appellant.

*C. V. McAdams,* for appellees.

ELLIOTT, J.—The appellant prosecutes this appeal from a
decree establishing a public ditch and laying an assessment,
for benefits, upon land of which he is the owner.

It appears from the record, in the reports and elsewhere,
that the persons who viewed the lands, recommended the
opening of the ditch, and fixed the amount of benefits, were
drainage commissioners. As such they were recognized by
the court, and their authority to act was in no way ques-
tioned until the filing of the motion for a new trial, nor was
it specifically questioned in the motion; for the only specifi-
cation in the motion which it is claimed presents any ques-
tion as to the authority of the commissioners is that which
alleges that the finding is not supported by the evidence. It
seems quite clear that, even if such a question can be col-
laterally made, it can not be made for the first time by a mo-
tion for a new trial. In order to present such a question in
proceedings commenced in a court of general jurisdiction, as
was this, the party must opportunely interpose specific objec-
tions, obtain a ruling, except to it, and then specify the rul-
ing as a cause for a new trial. We do not mean to be under-
stood as deciding that it is necessary to prove, in the first
instance, that the commissioners were regularly appointed as
the law directs; on the contrary, we are inclined to believe
that where the law authorizes the appointment of officers,

and they assume to act, the presumption is. that they were officers of right, and not usurpers. We are, at all events, quite well satisfied that where they do act under the supervision of a court, and are recognized as rightfully acting by the court, a party who interposes no objection when their reports are presented, nor at any time before the finding, is in no situation to make the objection for the first time by a motion for a new trial.

It is no reason for granting the appellant a new trial that other lands than his were not properly assessed. If his assessment is not erroneous he can not complain.

We can not say that there was any error in assessing benefits against the appellant's land, for there is evidence fully justifying the inference that the assessment was right.

Judgment affirmed.

Filed April 3, 1891.