RICHARDSON ET AL. *v.* HEDGES ET AL.

[No. 18,328.  Filed March 15, 1898.]

MORTGAGES.—*School Fund.—Sufficiency of Notice of Sale by Auditor.* —A notice, under section 5820, Burns' R. S. 1894, of the sale of land mortgaged to secure a loan from the common school fund, describing the indebtedness as due the "common and congressional school funds," is sufficient, although the "common school fund" and the "congressional" are two separate and distinct funds. *pp. 54, 55.*

SAME.—*School Fund Mortgage. — Notice of Sale. —* A notice of the sale of land to satisfy a school fund mortgage, which notice properly describes the land by metes and bounds, is sufficient, though it erroneously states that the land was conveyed by a certain deed. *p. 56.*

SAME.—*School Fund Mortgage.—Notice of Sale.—*Where a county auditor, upon the sale of real estate to satisfy a number of school fund mortgages, exposes for sale the separate tracts of real estate so mortgaged, it is sufficient notice, under section 5820, Burns' R. S. 1894, to include all the tracts of land in one notice. *pp. 57, 58.*

SAME.—*School Fund Mortgage.—Description of Real Estate.—Judicial Notice.—*The real estate exposed for sale by a county auditor, to satisfy a school fund mortgage, is presumed to be in this State, and where such real estate is described by metes and bounds, and the section, township, and range are given, the court knows judicially in which county it is situated. *pp. 58, 59.*

From the Marion Circuit Court.  *Affirmed.*

*W. N. Harding, A. R. Hovey* and *T. S. Rollins,* for appellants.

*R. O. Hawkins* and *H. E. Smith,* for appellees.

MONKS, J.—Appellants, the only heirs at law of Lucy Richardson, deceased, brought this action to set aside a sale of real estate made by the auditor of Marion county to satisfy a mortgage executed to the State to secure a loan from the common school fund. The court made a special finding of the facts, and stated conclusions of law thereon in favor of appellees, to each of which appellants excepted. Final judgment was rendered against appellants. The er-

rors assigned call in question each of the conclusions of law.

The validity of the sale is attacked upon the sole ground that the notice was insufficient. That part of the special finding necessary to the determination of the question presented is substantially as follows: That the notice and advertisement of said sale was published with headlines in large capital letters at the head thereof, as follows: "Notice of sale of lands and lots mortgaged to the State of Indiana for the benefit of the common and congressional school fund, held in trust by Marion county, Indiana." Below the headlines, in ordinary sized type, was the following: "In default of payment of principal and interest due to the common and congressional school funds held in trust by Marion county, Indiana, on the loans of said funds hereinafter mentioned, I will, in pursuance of the requirements of the school law, offer at public sale," etc.

It appears from the special finding that the description of the real estate in controversy was by metes and bounds, giving section, township, and range, and was the same in the notice as in the school fund mortgage, and that immediately following said description in the notice and mortgage was the following: "Be ing the same premises deeded by Lucy Jameson *et al.* to Lucy Richardson July 8, 1886, and re- corded in Deed Record of Land 18, August 4, 1866." It also appears from said special finding that said real estate, with other real estate, was owned by one Alexander Jameson at the time of his death, and that his heirs made partition thereof by deed, and that the Lydia Jameson and other heirs named con- veyed by partition deed to Lucy Richardson, as her portion as heir, the real estate in controversy. That afterwards, on July 12, 1886, Lucy Richardson and her

husband conveyed the real estate in controversy to Alexander Jameson, her brother, who, on the same day, executed a mortgage to the State of Indiana for the use of the common school fund to secure a loan out of said fund of $550.00, being the same mortgage upon which the sale sought to be set aside in this action was made. That immediately after the execution of said mortgage, said Alexander Jameson reconveyed said real estate to Lucy Richardson, who, in consideration thereof, assumed and agreed to pay said loan secured by said mortgage. Lucy Richardson died intestate in 1888, leaving appellants her heirs at law, who as such inherited said real estate.

The first objection urged to the notice is that there is no "common and congressional school fund;" that there are two funds, a common school fund, and also a "congressional township school fund," each of which is separate and distinct from the other, and that therefore the notice was untrue and misleading. It is true there are the two funds mentioned, and that they are separate from each other. Section 5750, Burns' R. S. 1894 (4325, R. S. 1881). The headlines were merely to call attention to the notice, where it is stated, "In default of payment of the principal and interest due the common and congressional school funds held in trust by Marion county, Indiana, on the loans of said funds hereinafter mentioned, I will, in pursuance of the requirements of the school laws," etc. The notice clearly names two funds, and two funds are provided for by the statute. Both funds are loaned and collected by the sale of the mortgaged real estate, or otherwise, under the same statute. These funds being named by the statute, and the notice specifying that the sale was made under the provisions of the school laws, everyone was required to take notice of the character of said funds and the provisions of the

statute concerning the same.  It must be presumed, therefore, that everyone knew that the funds designated in the notice as the "Congressional School Fund" was the fund denominated in the statute as the "Congressional Township School Fund."  Moreover, the loan for the payment of which the real estate in controversy was sold, was from the common school fund, of which it cannot be claimed there was any misdescription in the notice.

It is next insisted by appellants that the notice is objectionable because "Mrs. Richardson, through whom appellants obtained title, got her title through Lydia Jameson, *et al.*, by a partition deed, July 8, 1886, while the notice identifies the real estate as, being the same premises deeded by Lucy Jameson, *et al.*, to Lucy Richardson, July 8, 1886, and recorded in Deed Record 18, August 4, 1866."

The real estate in controversy was properly described by metes and bounds in the notice, and in the mortgage.  In each, the source of Lucy Richardson's title thereto, as being from Lucy Jameson, *et al.*, was stated in the same words.  The description in the complaint is the same as in the notice and mortgage, except the source of Mrs. Richardson's title is not set forth.  The designation of Lydia Jameson as Lucy Jameson in the mortgage and notice is not a misdescription of the real estate, and could not have misled anyone.  The real estate was correctly described, and an examination of the records would have disclosed the fact that Mrs. Richardson, from whom appellants inherited said real estate, derived her title originally from her father, Alexander Jameson, and that the same was set off to her by partition deed, executed by Lydia Jameson, *et al.*, July 8, 1886, and that she and her husband conveyed said real estate to her brother, who executed the mortgage to secure

the loan from the common school funds, and then reconveyed the real estate to her. The mortgage and notice each state that said deed was recorded August 8, 1866. This was a mistake, as the same was executed July 8, 1886, and could not have been recorded in 1866. The partition deed was no doubt recorded August 8, 1886, instead of 1866. This did not, however, render the description of the real estate uncertain. All that was stated in the mortgage and the notice in regard to the source of title, and the date of the recording of the partition deed to Mrs. Richardson, was surplusage, and was not essential to the description of the real estate.

In *Key* v. *Ostrander*, 29 Ind. 1, a description of real estate sold by the county auditor on a school fund mortgage, much less certain and definite than this description, was held sufficient. The court, on p. 6, said: "Is the deed void for uncertainty in the description of the land conveyed? We think not. 'The general rule in regard to the construction of the description of the premises in a deed is one of the utmost liberality. The intent of the parties, if it can by any possibility be gathered from the language employed, will be effectuated.' *Peck* v. *Mallams*, 10 N. Y. 509." See, also, *Frick* v. *Godare*, 144 Ind. 170, and cases cited.

It is also insisted by appellants that every person whose real estate is sold or offered for sale by the county auditor by virtue of the power of sale in a school fund mortgage "is entitled to have the same described in a separate and distinct notice, unincumbered with the descriptions of other property above and below it, and the county in which it is located should immediately follow the description of the land, and not at some where else in the notice." And that for this reason the notice was insufficient, and the sale illegal.

The section of the statute providing for notice of such sales is as follows: "Before sale of mortgaged premises, the auditor shall advertise the same in some newspaper printed in the county where the land lies, if any there be (otherwise in a paper in the state, nearest thereto), for three weeks successively, and also by notice set up at the court-house door and in three public places in the township where the land lies." Section 5820, Burns' R. S. 1894 (4391, R. S. 1881). The auditor is required to advertise the sale for three weeks successively, etc., but he is not required to use any particular form of words in so doing. There is nothing in the statute requiring that a separate notice be given for the sale under each mortgage. The law provides that "on failure to pay any installment of interest when the same becomes due, the principal sum shall forthwith become due and payable." And the auditor shall, "on the fourth Monday in March, annually, offer for sale all mortgaged lands on which payments of interest are due on the first day of January and unpaid on day of sale." Section 5811, Burns' R. S. 1894 (4383, R. S. 1881). See, also, section 5812, Burns' R. S. 1894 (1256, Elliott's Supp.)

The sale in this case was made on the fourth Monday in March, 1892, the day fixed by statute for such sales, and it was proper for the auditor to include all the tracts of real estate in one notice which it was his duty under the law to sell for the payment of loans. It is a matter of common knowledge that such has been the practice of the State and other officers in making sales of real estate mortgaged to the State to secure sinking fund, school fund, college fund, and other loans of trust funds, at least since the revised statutes of 1852 took effect. This kind of notice was given in *Shannon* v. *Hay*, 106 Ind. 589, 590.

The statement in the notice, after the description of

the different tracts to be offered for sale, that the same were situated in Marion county, Indiana, located said tracts of land in said Marion county, Indiana, as certainly and clearly as if the same words had followed immediately after each description.   Moreover, the real estate in controversy is presumed to be in this State, and as the 'same was described by metes and bounds, and the section, township, and range where located, were named, we know judicially that said real estate is situate in Marion county, even if the county were not mentioned.   *Brown* v. *Ogg,* 85 Ind. 234.

It is found that appellants were non-residents of this State, and had no actual knowledge of said sale. They were, however, bound to know when the installments of interest became due, and that if the same became due before January 1, 1892, and was not paid before the fourth Monday in March, 1892, that said real estate would be sold on that day by the county auditor.   It follows that each of the conclusions of law was correct.   Judgment affirmed.