## WILLIAMS v. DEXTER ET AL.

[No. 21,717. Filed May 23, 1911.]

1. DRAINS. — *Commissioners.—Defective Reports.—Jurisdiction.— Appeal.*—The failure of drainage commissioners to show in their report that they have so located the ditch and fixed its size and dimensions as to provide "ample means for the drainage or protection from overflow of the land to be affected, having in view future contingencies as well as the present," as required by §6142 Burns 1908, Acts 1907 p. 508, §3, does not affect the jurisdiction of the court to render judgment; and the questions of the size and dimensions of the ditch may be put in issue and tried under §6143 Burns 1908, subd. 10, Acts 1907 p. 508, §4, but they cannot be presented for the first time on appeal. p. 660.

2. DRAINS. — *Assessments. — Defective Descriptions. —Correction after Judgment.*—In a drainage proceeding, defective descriptions of land against which assessments are made may be corrected after judgment. p. 661.

From Jasper Circuit Court; *Charles W. Hanley,* Judge.

Drainage proceedings by Harvey J. Dexter and others, against which Cordelia M. Williams remonstrates. From a judgment for petitioners, remonstrant appeals. *Affirmed.*

*E. B. Sellers,* for appellant.
*Abraham Halleck,* for appellees.

MONKS, J.—This proceeding was brought in the court below to establish a public drain under the act of 1907 (Acts 1907 p. 508, §6140 *et seq.* Burns 1908).

Drainage commissioners were appointed, who reported in favor of the establishing of said drain. Appellant filed a remonstrance against said report, and the assessments therein made against her real estate.

The cause was tried by the court, and a finding made in favor of the petitioners on all questions, except that certain assessments were modified. The court rendered a judgment declaring the proposed work established, approved the assessments as modified, and ordered the drain constructed. From this judgment appellant appealed.

Appellant insists (1) that the court below did not have jurisdiction to render judgment establishing the proposed drain, for the reason that it was not stated in the drainage commissioners' report that in locating and fixing the size and dimensions of the drain they had provided "ample means for the drainage or protection from overflow of the land to be affected, having in view future contingencies, as well as the present;" (2) that as the descriptions of certain of the lands assessed are defective, the assessments are void, and may be lost to the drain, and by reason thereof the owners of the lands upon which the assessments are valid will be required to pay more than their just proportion of the cost of locating and constructing the drain.

It appears from the record that neither of these questions was presented to the trial court by appellant, or by any other party, by remonstrance or otherwise.

It is true that §6142, *supra*, provides that the drainage commissioners "shall provide ample means for the drainage or protection from overflow of the land to be affected, having in view future contingencies, as well as the present," but the fact that the drainage commissioners have not stated in their report that they have so located the ditch, and fixed its size and dimensions as to provide "ample means for the drainage or protection from overflow of the land to be affected, having in view future contingencies, as well as the present," in no way affected the jurisdiction of the court below over the subject-matter or the parties.

Whether the drainage commissioners have complied with said provision, in locating and fixing the size and dimensions of the ditch, may be put in issue and tried under the tenth subdivision of §6143, *supra*. This was not done in the court below, and the question cannot be presented for the first time in this court.

As to the contention in regard to the defective descriptions of some of the lands, against which assessments were

made by the drainage commissioners, such descriptions may be corrected, and the assessments enforced against the land intended. *Ager* v. *State, ex rel.* (1904), 162 Ind. 538, and cases cited; *Luzadder* v. *State, ex rel.* (1892), 131 Ind. 598; *State, ex rel.,* v. *Smith* (1890), 124 Ind. 302.

Finding no error, the judgment is affirmed.