## Williams *v.* Osborne et al.

[No. 22,200. Filed February 4, 1914. Rehearing denied May 20, 1914.]

1. Drains.—*Action to Enjoin Construction.—Complaint.—Description of Drain.—Judicial Notice as to Location.*—In an action to enjoin the construction of a drain in part over the line of a previously constructed drain, where the initial points and the termini of the old and the proposed drain with reference to townships, ranges and sections in a designated county, with courses and distances, were set out in the complaint, the court will take judicial notice that the drains described are wholly within such county. p. 681.

2. CONSTITUTIONAL LAW. — *Due Process of Law.* — *Improvement, Extension or Alteration of Drains.*—Where a proposed drain is to be in part constructed over the line of an old drain, for the construction of which plaintiff's land was assessed, a failure to assess a part of her land in the proceeding to construct the new drain does not affect her right of drainage into the new drain, and the construction of the new drain is not a taking of her property, especially in view of the fact that there was no showing that the lands of plaintiff that were not assessed were not named in the proceeding, since in the absence of such showing it must be presumed that they were named and, that it was found that they were not benefited beyond the assessment made and paid on the original assessment. pp. 682, 683.

3. DRAINS.—*Action to Enjoin Construction.*—*Rights of Third Persons.*—In an action to enjoin the construction of a proposed drain, which in part is to be upon the line of an old drain, plaintiff cannot be heard as to the rights of other persons whose lands were assessed in the proceeding to construct the old drain, but were not assessed in the new proceeding, or of persons who are not parties, unless the failure to make such persons parties, or to make such assessments, affects the question of the power to construct. p. 682.

4. DRAINS.—*Establishment Under Statute.*—*Character.*—A drain established and constructed under statutory authority is a public utility, and as such can be affected only as the statute provides, although it is also impressed with private rights in the nature of a perpetual easement as to the lands assessed for it. p. 683.

5. DRAINS.—*Action to Enjoin Construction.*—A party to a proceeding to establish a drain, which will in part be constructed along the line of an existing drain, cannot maintain a suit to enjoin the construction on the ground that there will be some obstruction to the drainage of her land from the operation of a floating dredge, as the right to damages therefor should have been raised in the proceedings. p. 683.

6. DRAINS.—*Assessments.*—*Benefits.*—The basis of all special assessments is benefits, and, if there are no benefits, there can legally be no assessment. p. 684.

7. CONSTITUTIONAL LAW.—*Due Process of Law.*—*Improvement, Extension or Alteration of Drains.*—A proceeding to establish a drain, which will in part extend along the line of an existing drain for the construction of which certain lands were assessed, does not operate to deprive the owner of such lands of any right so as to deny him due process of law, or to take his property without just compensation, since in such proceeding he is entitled to notice, and is given an opportunity to come in by petition or remonstrance and be heard. p. 684.

8. DRAINS.—*Proceedings to Establish.—Supplemental Petition.—Remonstrance.*—Section 6148 Burns 1914, Acts 1907 p. 508, §8, providing for the bringing in, by supplemental petition, of lands affected but not included in the petition for the construction of a drain, imposes no greater burden on one whose lands were omitted from the petition than that imposed by the requirement that one must remonstrate to question the assessments that may be made, or the damages that may be claimed. p. 685.

9. DRAINS.—*Proceedings to Establish.—Remonstrance.*—In a proceeding to construct a drain, a party may by remonstrance raise the question of damages as to lands not assessed without bringing them in by supplemental petition, as expressly authorized by §6148 Burns 1914, Acts 1907 p. 508, §8. p. 685.

10. DRAINS.—*Action to Enjoin Construction.—Right to Maintain.*—An action to enjoin the construction of a drain as ordered by a judgment of the circuit court, and to set aside, cancel and enjoin the collection of assessments levied for such construction, is a collateral attack on such judgment, and, unless the judgment was void, cannot be maintained. p. 685.

11. DRAINS.—*Proceedings to Establish.—Collateral Attack.*—Although by §6174 Burns 1914, Acts 1907 p. 508, §19, it is provided that proceedings for changing or repairing an existing drain must be had before that tribunal in which the proceedings for its construction were had, circuit and superior courts have by statute jurisdiction of the general subject of the construction of drains, so that where a petition filed in the circuit court, and the proceedings had thereon, for the construction of a drain which would in part follow the line of an existing drain, did not disclose in any way that the existing drain was not constructed under the jurisdiction of that court, the judgment establishing and ordering the construction of such new drain was not void for want of jurisdiction and could not be collaterally attacked, although the old drain was constructed by the board of county commissioners. p. 686.

12. DRAINS.—*Establishment.—Jurisdiction.*—That the circuit court had not jurisdiction in a proceeding to establish a drain which would in part follow the line of an existing drain, could be raised only by remonstrance or by some affirmative plea, if upon the face of the petition and the proceedings had thereon want of jurisdiction did not appear. p. 686.

13. DRAINS.—*Establishment of Drain Affecting Existing Drain.—Procedure.*—Where the petition for the construction of a drain showed that a portion thereof would be along and upon the line of an existing drain, which was insufficient to drain the land assessed for its construction, and that it was the wish and intention of the petitioners to deepen and widen the old drain

so as to make as nearly as practicable a uniform grade line from the source of the proposed drain to the outlet thereof, the proceeding was under §6141 Burns 1914, Acts 1907 p. 508, §2, authorizing proceedings to drain lands, and not under §6174 Burns 1914, Acts 1907 p. 508, §19, authorizing proceedings for the construction, change, improvement or extension of drains, so that under §6142 Burns 1914, Acts 1907 p. 508, §3, relative to the procedure under §6141, and authorizing the drainage commissioners to determine the method of drainage, the proposed drain could be constructed over the line of such existing drain by widening and deepening such existing drain, lengthening it, attaching laterals, or both. p. 686.

14. DRAINS.—*Proceedings to Establish.—Petition.*—Where the petition in a drainage proceeding disclosed that the proposed drain was to be constructed over the lines of two old drains, by widening and deepening them, such was sufficient notice to a party affected, without disclosing how much the existing drains were to be widened and deepened, since it will be presumed that the specifications indicated the new depths and widths. p. 689.

From Jasper Circuit Court; *James P. Wason,* Special Judge.

Action by Cordelia M. Williams against W. Frank Osborne and others to enjoin the construction of a proposed drain, and to set aside, cancel and enjoin the collection of assessments levied therefor. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Charles V. McAdams* and *Charles E. Thompson,* for appellant.

*Abraham Halleck* and *George A. Williams,* for appellees.

MYERS, J.—Appellant seeks to enjoin the construction of a proposed drain, and to set aside, cancel and enjoin the collection of assessments levied on her lands; and to enjoin interference with, obstruction and destruction of an already existing public drain, on the line of which it is proposed to construct the drain in question. There was a former appeal to this court in the course of this proceeding. *Williams* v. *Dexter* (1911), 175 Ind. 659, 95 N. E. 113. The questions presented arise upon the ruling of the court in sustaining a demurrer to the complaint.

It is alleged in the complaint in substance that appellant is the owner of certain described tracts of land in Jasper County, aggregating 520 acres; that on November 5, 1902, her grantors were the owners of certain other described tracts, aggregating 760 acres; that by proceedings, had before the Board of Commissioners of Jasper County at its November session, 1902, a judgment was entered establishing a main public drain 48,112 feet in length, in said county, over a route described by termini, courses and distances, with a lateral drain 17,000 feet in length, likewise described, having its outlet at station 309 on the main ditch; that 12,112 feet of the main drain, and 10,000 feet of the lateral, from the source toward the outlet were to be open drains, to be constructed with scrapers or otherwise, at an estimated cost on both of $2,814.65, and the remainder of each was to be constructed by a dredge at an estimated cost of $9,290.65; that a contract was let by the auditor and the work constructed by the contractor, and accepted by the board of commissioners, December 2, 1904; that the drainage so constructed, remains as originally constructed without any change or modification by any subsequent proceedings, order or judgment of any court; that the lands described as owned by plaintiff's grantors on November 5, 1902, were assessed benefits in the sum of $1,615, which were paid by the then owners of the land, toward the construction of the drain, and the other landowners assessed, paid their assessments which were used in the construction of the drain; that by proceedings begun in the Jasper Circuit Court, August 11, 1909, a judgment was entered, May 6, 1910, establishing a drain over the same line, and in addition extending the lateral drain 1,900 feet, and establishing another lateral 25,960 feet, which entered into the main drain at the same point as the first lateral, and to the second lateral added two other laterals; that 17,172 feet of the original drain was not changed in any way from the first construction, and that is the only portion of the original

drain which touches and drains the lands which the peti-
tioner owned when the first proceeding was had, and her
said lands are assessed in the second proceeding $1,194.91;
that the only work to be performed on the old drain over
which the new drain is established, consists of widening,
and deepening such drain by a floating dredge; that the
estimated cost of the new drain is $14,563.72, and the
assessed benefits $17,426.08, and that the lands not owned
by appellant when the original proceeding was had, but now
owned by her were not assessed in the second proceeding;
that the defendant Osborne was appointed construction com-
missioner, and he qualified and advertised the letting of the
work and it was bid off, and the contract awarded to the
defendant Comer, and that at the time and place of the
letting, she gave notice to the commissioner and all pros-
pective bidders, including Comer, that she intended to resist
the construction of such drainage, and the collection of the
assessments, and immediately after the award to Comer gave
him the same notice; that after the ascertainment of the
cost of the work, which exceeds $5,000, the commissioner
apportioned the costs and expenses to the lands affected
and benefited, and the board of commissioners is purposing
to, and unless restrained will, issue bonds and place the
assessments against her lands on the tax duplicate, as liens
against her land.    The length, character, manner of con-
struction, and costs of each of the laterals are alleged.    That
appellant appeared in the circuit court in such proceeding
and filed a remonstrance against the benefits assessed in
such proceeding against the real estate so owned by her;
her said remonstrance was not sustained at the trial, and
she appealed to the Supreme Court of Indiana, and the
latter affirmed the judgment; that she did not, in said
proceeding in said circuit court, or in said Supreme Court,
at any time, or in any manner, present any objections, excep-
tions or remonstrance, or raise any question in either of said
courts as to the jurisdiction of said circuit court over the

subject-matter of the widening, deepening or extending the
length of the drains so established by the board of commis-
sioners; and did not in such proceeding, present to either
of said courts any objection to the jurisdiction of said
circuit court over the subject-matter of the proceeding, and,
in such proceeding and pretended decree therein entered,
no question was, at any time, presented by any party to
such proceeding, questioning the jurisdiction over the sub-
ject-matter of the proceeding, and the record of said cause
in said circuit court and Supreme Court shows that no
question was presented to or decided by either court, relat-
ing to the jurisdiction of said circuit court over the subject-
matter of the proceeding, or any part of it; that the record
of the proceedings and judgment in the circuit court did
not, and does not show that the old drains, proposed to be
widened, deepened and extended, by virtue of such pre-
tended decree, had been established and constructed by the
commissioners prior to the commencement of such proceed-
ings; that the petition for such drainage in the circuit court
alleges, omitting here the description of the lands believed to
be affected, the termini, courses and distances which were set
out, that commencing at a certain point, it runs to a point at
the source of the old Lakin ditch, and then continues by
courses and distances to the line of the old Union Scott
Cooper ditch, and it is alleged that the above described line of
ditch below the first one-half mile thereof is along and upon
the line of an old ditch heretofore constructed, which is
insufficient to drain the land assessed for its construction,
and that "it is the wish and intention of the petitioners to
deepen and widen the old drain so as to make as nearly as
practicable a uniform grade line from the source of the
proposed drain to the outlet thereof." Then follow the
usual allegations as to benefits, public utility, costs, etc.,
and that it can be best accomplished with a steam dredge
boat. That the report of the drainage commissioners, ap-

pointed upon said petition, upon which the pretended order
and judgment of said circuit court is founded, did not and
does not state that the old drains, along and over which the
greater portion of the proposed drainage is to be constructed,
as hereinbefore stated, had theretofore been established by
any court, or that the same were public drains established
by law; that by the proceedings and record in said cause
it was not at any time called to the attention of the circuit
court, that the old drains, which it is proposed by said
pretended drain to widen, deepen and extend, had thereto-
fore been established by the judgment and decree of the
board of commissioners, and that the decree of said circuit
court does not disclose that the said proposed drainage
therein provided for, consists in the widening, deepening
and extending of the old drains theretofore established by
said commissioners; that the main line of said drain so
established by said commissioners' court was and is known
upon the records of said county as the "Scott Cooper Ditch",
and the "Union Scott Cooper Ditch", and that the lateral
to such main line so established by said commissioners' court
was and is known upon the records of said court as the
"Lakin Ditch." That the defendants, Osborne, commis-
sioner, and Comer, contractor, as aforesaid, are threatening
to, and will, unless restrained by this court, enter upon the
line of said drains so established by said commissioners'
court and take possession of that portion of the same so
ordered by said court to be widened, deepened and length-
ened as hereinbefore averred, and that the said defendants,
unless restrained, will take possession of such portions of
drains and alter, change, modify and destroy the same, and
will continue in possession thereof for many months, to wit:
ten months, and will, while in possession thereof, obstruct
the use of the same by this plaintiff and other landowners
whose lands now drain into the same, and who were assessed
to pay for the construction of the same in said commis-
sioners' court; and that the said defendants, if permitted

to alter, change, modify and destroy such portions of said drain so established by said commissioners' court, will do so in such manner as to provide for the drainage of lands into such drains so to be altered and changed, that did not drain thereto or therein as the same were established by the commissioners, and that the pretended order of said circuit court provides for the drainage of lands into such modified, changed, and altered drainage which did not drain therein as established by said commissioners, and which said lands were not assessed for benefits, and which did not contribute to the expenses of constructing said drains in said commissioners' court; that many hundreds of acres of real estate situated in said county were assessed for benefits on account of the construction of such drainage, in said commissioners' court as aforesaid, and that the then owners of real estate paid the assessments so made and levied for the purpose of constructing such drainage, and that such proceedings and drainage provided for the drainage of the lands so assessed, but that in such proceeding in said circuit court many tracts of land assessed in such proceeding in said commissioners' court were not reported as benefited, or assessed on account of the establishment of the drainage therein proposed, that the owners of said real estate were not made parties to such proceedings in such circuit court, and have had no day in court as to the proposed destruction and alteration of the drainage system so provided for their said real estate, and for which they had paid as aforesaid, and that among the lands now so owned by the plaintiff, and not included in the lands reported and assessed in said circuit court proceeding, and which were reported as benefited and assessed in such commissioners' court proceeding is, a certain described forty-acre tract in Jasper County; that on account of the facts averred Osborne and Comer have no right, power or authority to enter upon the line of said portion of such old drains so established by said commissioners for any purpose, or to change, alter, modify,

improve, widen, deepen or otherwise disturb the same, and in so doing they will be and become trespassers and violators of the law enacted for the preservation and protection of drains. That said proceeding and judgment of said circuit court, entered May 6, 1910, are void for the reasons: (1) That exclusive original jurisdiction over the subject-matter of widening, deepening, improving and extending the length of such public drains theretofore established by the commissioners' court aforesaid as herein averred, was, when such proceeding was commenced, has continued to be, and is now vested in the board of commissioners. (2) That said circuit court was without jurisdiction, power or authority to establish lateral drains in a proceeding asking for the widening, deepening, extending and improvement of an already existing drain, there being no law in this State authorizing the construction of lateral drains as a part of the proceeding for the widening, deepening, lengthening and improvement of an old drain. (3) That said circuit court was without authority to widen, deepen, extend, change or improve an existing public drain established by law, such as the drain so established by said commissioners, without having before it all of the owners of all the lands which were assessed and for which drainage was provided in the original drainage proceeding, and without in such proceeding providing for the drainage of all the lands included in such original proceeding.

The prayer is: (1) That she have a perpetual injunction against the said Osborne and Comer, perpetually enjoining them from in any manner entering upon the line of said old drain, or any part thereof, for the purpose of changing, altering, extending, improving, obstructing, using or occupying the same for any purpose. (2) That she have a perpetual injunction against the board of commissioners, perpetually enjoining them from issuing bonds for the purpose of obtaining funds with which to construct the drainage provided for in such pretended decree and judgment of said

circuit court. (3) That she have a finding and judgment setting aside, and holding for naught the said pretended proceedings, judgment and decree of said Jasper Circuit Court entered May 6, 1910. (4) That she may have judgment and decree of this court setting aside and holding for naught the assessment of $1,194.91 so levied and assessed as benefits upon her said real estate, for the purpose of constructing such drainage required by such pretended order and decree. (5) That she have judgment for costs, and for such further and different relief as she may justly claim and be entitled to receive on account of the facts herein stated.

Jurisdiction is conferred on this court owing to the claim that the proceeding is the taking of appellant's property in violation of her constitutional right ·to due process of law. Appellant's theory is, that as the construction of drains is a purely statutory power, when a drain has been established by one tribunal having jurisdiction, it becomes a judgment *in rem*, fixes the status as a public property, and as the statute provides, §6174 Burns 1914, Acts 1907 p. 508, §19, that when a drain wholly in one county has been constructed by one tribunal having jurisdiction, the attempt to change the status of the *rem* by another tribunal is a collateral attack on the former judgment, and not permissible, and the second tribunal without jurisdiction. It is conceded that a drain may be established over the line of another drain, but it is insisted, (a) that a new drain can be constructed only by the court which constructed the first drain, and (b) that if there is authority to widen, deepen and lengthen an existing drain, extensions or additional or lateral branches cannot be attached, and the proceeding is without the jurisdiction of the circuit court, and that jurisdiction of the subject-matter may be raised at any time.

It is not alleged in the complaint that either the old or the proposed drain is wholly in Jasper County, Indiana, but the petition in each case is set out, giving the initial

points and termini, with reference to townships,
1.    ranges and sections in Jasper County, Indiana, with
      courses and distances, from which we take judicial
notice that each is wholly in Jasper County, Indiana. *Rich-
ardson* v. *Hedges* (1898), 150 Ind. 53, 49 N. E. 822; *Board,
etc.* v. *State, ex rel.* (1897), 147 Ind. 476, 46 N. E. 908;
*Denny* v. *State, ex rel.* (1896), 144 Ind. 503, 42 N. E. 929,
31 L. R. A. 726; *Tewksbury* v. *Howard* (1894), 138 Ind.
103, 37 N. E. 355; *Bryan* v. *Scholl* (1887), 109 Ind. 367,
10 N. E. 107; *Peck* v. *Sims* (1889), 120 Ind. 345, 22 N. E.
313; *Grover* v. *Paddock* (1882), 84 Ind. 244; *Burton* v.
*Ferguson* (1880), 69 Ind. 486; *Dawson* v. *James* (1878),
64 Ind. 162; *Murphy* v. *Hendricks* (1877), 57 Ind. 593;
*Bannister* v. *Grassy Fork, etc., Assn.* (1875), 52 Ind. 178;
*Jordan Ditching, etc., Assn.* v. *Wagoner* (1870), 33 Ind.
50; *Etchison Ditching Assn.* v. *Jarrell* (1870), 33 Ind. 131;
*Mossman* v. *Forrest* (1866), 27 Ind. 233; *Buckinghouse* v.
*Gregg* (1862), 19 Ind. 401.

The contention of appellee, as presented by the memoranda
with the demurrer is, (1) that the petition is one for a new
drain under §6141 Burns 1914, Acts 1907 p. 508, §2, and
not for the repair, modification or change of an old drain;
(2) that appellant is concluded by the former appeal, owing
to the fact that she did not challenge the jurisdiction; (3)
that it nowhere appears in the proceeding in the circuit court
that the proposed drain, or any part of it, is over the line of
any drain theretofore established by the board of commis-
sioners or any other court; (4) that it is not shown that in
the former litigation, appellant did not have knowledge of
the facts herein alleged; (5) that the matters set out in her
complaint were matters of defense in the former proceed-
ing, and are *res adjudicata* between the parties here, who,
in addition to the construction commissioner are the con-
tractor, the landowners assessed and the board of commis-
sioners.

Appellant's contention that because lands owned by her

and assessed for the construction of the original drain are not assessed in this proceeding, her right to drain 2. into the proposed drain is denied, and is a taking of her property, goes too far. If that were the law, a ditch could not be constructed over the line of one previously constructed, without assessing benefits on the second construction, to lands which were not in fact benefited. This is not allowable for the result of it would be that it could not be done at all, certainly not if benefits were assessed on lands not benefited, and those benefits were necessary as a basis for benefits exceeding cost. Moreover, it does not appear that the lands of appellant not assessed under the second proceeding were not named in the proceeding, and we are bound to assume that they were, and that they were not benefited beyond the assessments already made, and paid on the original construction, which it was the duty of the commissioners to give credit for, on the plainest principles of justice. *Wilson* v. *Talley* (1895), 144 Ind. 74, 42 N. E. 362, 1009.

Appellant cannot be heard as to the rights of other persons whose lands are assessed in the former proceeding, and were not assessed in the second, or are not parties to 3. it, unless it goes to the question of the power to construct, by reason of the absence of such assessments and parties, which does not appear. *Goodwine* v. *Leak* (1891), 127 Ind. 569, 27 N. E. 161; *Carr* v. *Boone* (1886), 108 Ind. 241, 9 N. E. 110; *Grimes* v. *Coe* (1885), 102 Ind. 406, 1 N. E. 735. In addition, the statute provides specially for any person filing a supplemental petition to bring in lands not already included, but 'which he believes will be benefited. §6148 Burns 1914, Acts 1907 p. 508, §8. And they are assessable for repairs according to the benefits. §6160 Burns 1914, Acts 1907 p. 600; *Roundenbush* v. *Mitchell* (1900), 154 Ind. 616, 57 N. E. 510; *Parke County Coal Co.* v. *Campbell* (1894), 140 Ind. 28, 39 N. E. 149, 558. The fact that appellant's lands which were originally as-

sessed, are not assessed in the second proceeding does not in any way affect the right of drainage into the proposed drain. When a drain is established and constructed under statutory authority, it is a public utility, and as such it can only be affected as the statute provides. But in addition to being a public utility, it is impressed with private rights in the nature of a perpetual easement as to lands assessed for it, and widening or deepening the drain in no wise diminishes that right, but in fact and in law enlarges it. *Wilson* v. *Bondurant* (1892), 142 Ill. 645; *Chronic* v. *Pugh* (1891), 136 Ill. 539.

We must assume that her lands would not be benefited by the proposed drain, by reason of the existing drainage, and her right of drainage into the proposed drain cannot be curtailed in that way, and it does not appear that it will in any way obstruct or interfere with that drainage, except during construction, or if it did, or does, it would be questionable whether she might not be required to raise that question in the proceeding itself, by remonstrance, as she was a party to it. Her right of drainage, however, cannot be affected in this proceeding, because lands primarily assessed are not assessed in the second proceeding. Those who are interested in having the new ditch will, where necessary for their added purposes, be at the expense of providing for the increased flow, hence unless benefits accrue to those formerly assessed, they should not be again assessed. *Denton* v. *Thompson* (1894), 136 Ind. 446, 35 N. E. 264; *Powell* v. *Clelland* (1882), 82 Ind. 24. Nor can it make any difference that a part of the new line is over the line of another established drain. *Hauschild* v. *Roth* (1914), 181 Ind. 183, 104 N. E. 11; *Shields* v. *Pyles* (1912), 180 Ind. 71, 99 N. E. 742, and cases cited; *Sharp* v. *Eaton* (1911), 175 Ind. 441, 94 N. E. 753, and cases cited; *Denton* v. *Thompson, supra; Miller* v. *Board, etc.* (1889), 3 Ohio Cir. Ct. 617. Nor that there may be some obstruction during construction by the

operation of a floating dredge. Appellant was fully informed by the proceedings that this might ensue, and should have raised the question of the damages thus to arise. *McGillis* v. *Willis* (1891), 39 Ill. App. 311; *Elmore* v. *Drainage Com.* (1890), 135 Ill. 269, 25 N. E. 1010, 25 Am. St. 363. If it were a question of diminishing, instead of increasing the capacity of the existing drain, or obstructing it, or otherwise interfering with the existing drainage, and right of drainage, we might have a different question, if it could be raised in this way, but appellant, as to this question, stands on the proposition that by reason of her land not being assessed in the second proceeding, her right of drainage of that particular land is denied. It does not appear by the complaint whether these particular lands were or were not described in the second petition as affected, but it stands on the allegation that they were not assessed.

6.   The basis of all special assessments is benefits, and if there are no benefits there can legally be no assessment. *Watson* v. *Armstrong* (1913), 180 Ind. 49, 102 N. E. 273; *Lipes* v. *Hand* (1885), 104 Ind. 503, 1 N. E. 871, 4 N. E. 160. It must be conceded that one cannot be

7.   deprived of any right recognized as property without notice, and an opportunity to be heard, without violating the 14th amendment to the Federal Constitution as well as the State Constitution, but we are unable to see that appellant is deprived of any right, so that she is denied due process of law, or her property taken, without just compensation, for there is a requirement of notice, and an opportunity to come in on petition, or by remonstrance and be heard, which is sufficient under all the cases. *Bowlin* v. *Cochran* (1903), 161 Ind. 486, 69 N. E. 153; *Martin* v. *Wills* (1901), 157 Ind. 153, 60 N. E. 1021; *Dantzer* v. *Indianapolis, etc., R. Co.* (1895), 141 Ind. 604, 39 N. E. 223, 34 L. R. A. 769, 50 Am. St. 343; *Cleveland, etc., R. Co.* v. *Backus* (1893), 133 Ind. 513, 33 N. E. 421, 18 L. R. A. 729; *Simon* v. *Craft* (1901), 182 U. S. 427, 21 Sup.

Ct. 836, 45 L. Ed. 1165; *Hagar* v. *Reclamation Dist.* (1884), 111 U. S. 701, 4 Sup. Ct. 663, 28 L. Ed. 569; *Kentucky Railroad Tax Cases* (1885), 115 U. S. 321, 6 Sup. Ct. 57, 29 L. Ed. 414.

Appellant relies on *Drake* v. *Schoenstedt* (1897), 149 Ind. 90, 48 N. E. 629, and *Young* v. *Gentis* (1893), 7 Ind. App. 199, 32 N. E. 796. In the Drake case, water from lands which were not assessed, and did not naturally flow into the public ditch, was drained into it, it being further shown that the drain was insufficient to carry such additional water, and in the Young case, water from lands which had not been assessed was collected in channels where it was not accustomed to flow, neither of which cases is in point here. Here we have a case of lands originally assessed, under which they acquired a right of drainage, and the presumption is, that by not being again assessed, they were not benefited by the increase in the size of the drain, and those which needed a larger drain should be assessed for it, but the drain is there for all such drainage of appellant's lands as they may require, within the assessed area.

It is urged by appellant that she ought not to be put to the burden of filing a supplemental petition under §6148 Burns 1914, *supra*, to bring in her lands, but we see

8. no greater or different burden imposed on her by that section, than is imposed by the requirement that she must remonstrate in order to question the assess-

9. ments that may be made, or any damages she may claim, and even aside from §6148, *supra*, she could by remonstrance, raise the question of damages even as to lands not assessed. *Reasoner* v. *Creek* (1885), 101 Ind. 482. We do not mean to hold that if there is no jurisdiction, or a party is denied a hearing, or has been deprived of an opportunity to appeal, or no adequate remedy is pointed out by law, that an injunction might not lie in a proper

10. case. This action is a collateral attack on the judgment of the Jasper Circuit Court, and unless it is void,

the action will not lie. *Karr* v. *Board, etc.* (1908), 170 Ind. 571, 580, 85 N. E. 1; *Perkins* v. *Hayward* (1892), 11. 132 Ind. 95, 31 N. E. 670; *McCoy* v. *Able* (1892), 131 Ind. 417, 30 N. E. 528, 31 N. E. 453; *Chicago, etc., R. Co.* v. *Sutton* (1892), 130 Ind. 405, 30 N. E. 391; *Jackson* v. *Smith* (1889), 120 Ind. 521, 22 N. E. 431. Circuit and superior courts have by statute jurisdiction of the general subject of the construction of drains, with the single exception that in cases of drains constructed by one tribunal, proceedings for changing or repairing the work orginally constructed must be had before that tribunal which produced that work. §6174 Burns 1914, *supra; Stockton* v. *Pancoast* (1912), 178 Ind. 203, 98 N. E. 122; *O'Toole* v. *Tudor* (1911), 175 Ind. 227, 93 N. E. 276; *Rinker* v. *Hahn* (1910), 175 Ind. 88, 92 N. E. 729. Concurrent jurisdiction is given the board of commissioners where the drain is wholly in one county. §6151 Burns 1914, Acts 1907 p. 508, §17. Where the proposed drain extends into' another state, jurisdiction is concurrent with the jurisdictional officers in the adjoining counties in another state. §6149 Burns 1914, Acts 1907 p. 508, §8½. The difficulty with appellant's position in this case is, that it does not appear in any way until disclosed by appellant's complaint in this action, that the original drain was constructed by order of the board of commissioners, or under what jurisdiction it was constructed.

Upon the face of the petition, and the proceedings in 12. the Jaseper Circuit Court, want of jurisdiction does not appear. A motion in arrest of judgment ·would not lie therefore, and the question could only be raised by some affirmative plea, or by remonstrance. *Stockton* v. *Pancoast, supra; O'Toole* v. *Tudor, supra; Rinker* v. *Hahn, supra; Karr* v. *Board, etc., supra; Shields* v. *Pyles, supra.*

It is urged by appellant that the proceeding in the Jasper Circuit Court was under §6174, *supra,* whilst appellees 13. insist that it was under §6141, *supra.* The petition conforms to the provisions of §6141, *supra,* though

§6174, *supra*, requires like conformity, but there is this to be noted, that the petitioners do not disclose that their lands were assessed, or in anywise affected by the preceding construction, or that they desired to change it, except that it is alleged that a portion of the proposed drain will be "along and upon the line of an old ditch heretofore constructed, and which is insufficient to drain the land assessed for its construction * * * and that it is the wish and intention of the petitioners herein to deepen and widen the old drain so as to make as nearly as practicable a uniform grade line from the source of the proposed drain to the outlet thereof." The allegation that the present drain "is insufficient to drain the land assessed for its construction" implies assessments against other lands, but at least not against the lands of the petitioners, or all the lands sought to be drained by this proceeding. It appears to us therefore, as a proceeding under §6141, *supra*, which removes the one jurisdictional question sought to be raised, and that is whether an original drain may be constructed over the line of a prior drain, by widening and deepening and extending the original drain, or attaching laterals or both. The statute itself, §6142 Burns 1914, Acts 1907 p. 508, §3, provides, that the commissioners may "determine that the method of drainage shall be by removing obstructions from a natural or *artificial watercourse*; or diverting *such* watercourse from its channel, by *deepening, widening or changing the channel of such watercourse*, by *constructing an artificial channel, with or without arms or branches;*" etc. (Our italics throughout.) It is not provided in so many words that an existing ditch may be lengthened, but it is manifestly an incident of the jurisdiction and power conferred. The reason for the differing provision and adaptations of §§6141, 6174, *supra*, are obvious. If the purpose is only to change or repair an existing system, it is a wise provision that this be done in the jurisdiction which originally constructed it, because of the presence of the records

and files, and the fact that it is practically a continuation of the existing public utility. On the other hand, the changed conditions or the exigencies may make it feasible if not necessary, in order to accomplish additional results, or drainage, to deepen, widen, or change existing drains, as a corollary to adding additional flowage of water from extensions, and laterals, and it may often happen that the existing drains are so located that their use becomes necessary in order to obtain those results at the least cost, and impracticable to put them elsewhere, owing to the topography, besides it would be a manifest injustice to cut two open ditches through a farm, when the public interest may be subserved by one. The question however is set at rest upon reason and authority by many cases. *Sharp* v. *Eaton, supra; Shields* v. *Pyles, supra; Denton* v. *Thompson, supra; Meranda* v. *Spurlin* (1885), 100 Ind. 380.

Appellant was confessedly a party to this proceeding, as to some of her lands, and as heretofore indicated, it is not shown that her lands, which were not assessed, were not stated in the petition as being affected. Whether they were or were not, if she felt that her lands would be affected or damaged, it was her privilege as well as her duty, to remonstrate in that proceeding; then, whether part of her lands were assessed or were not, she had a right of appeal, and having failed to appeal, she cannot split up her remedies, and now resort to the remedy of injunction. *Karr* v. *Board, etc., supra; Ryan* v. *Rhodes* (1906), 167 Ind. 121, 76 N. E. 249, 78 N. E. 330, and cases cited; *Reasoner* v. *Creek, supra.*

Having reached the conclusion that the court had jurisdiction of the general subject-matter, and that appellant was a party to the proceeding, the other questions sought to be raised by appellant are immaterial. In passing it might be said, that the allegations of her complaint by which she seeks to anticipate a defense, based on the grounds that in the former proceeding she did not raise the ques-

tion of jurisdiction, and that the record and proceedings in the circuit court do not disclose that the old drains, proposed to be widened and deepened and extended, had been established and constructed by the board of commissioners, if they are of any value, destroy her claim to injunction now, because they do not show that there was not jurisdiction. *Karr* v. *Board, etc., supra.*

Again her complaint sets out the petition in part in the case in the circuit court, which shows that it was purposed to construct the proposed drain over the lines of two old drains, and to widen and deepen them. That was sufficient notice to appellant, and it was not necessary that it should be disclosed in the record of the proceedings, how much they were widened or deepened. We must assume that the specifications indicated the new depths and widths, and it was unimportant so far as the question here is concerned how much that widening and deepening was. *Meranda* v. *Spurlin, supra.*

There is no error made to appear by the record, and the judgment should be affirmed, and it is so ordered.

NOTE.—Reported in 104 N. E. 27. As to judicial notice of geographical facts, see 124 Am. St. 32. See, also, under (1) 16 Cyc. 859; (2) 14 Cyc. 1051, 1059; (4) 14 Cyc. 1024, 1025; (5) 15 Cyc. 987; (6) 14 Cyc. 1059; (7) 8 Cyc. 1095; (8) 14 Cyc. 1033; (9) 14 Cyc. 1036, 1041; (10) 14 Cyc. 1050; (11) 14 Cyc. 1029; (13) 14 Cyc. 1051, 1054; (14) 14 Cyc. 1031, 1032.