## Martin et al. *v.* Adair et al.

[No. 23,334.   Filed March 11, 1920.]

1. Drains.—*Commissioners.—Eligibility.—Waiver of Objection.*— Though drainage commissioners related within the sixth degree of consanguinity to landowners affected by the proposed drainage improvement were ineligible to serve, their ineligibility was waived where the question was first presented in a motion for new trial.   p. 180.

2. Drains.—*Benefits.—Report as Prima Facie Evidence Only.*— Though the report of drainage commissioners, by virtue of §6151 Burns 1914, Acts 1907 p. 508, §17, is *prima facie* evidence of the facts stated therein, its only office is to compel the remonstrants to go forward with evidence; and where evidence was introduced showing that the remonstrants' lands would not be enhanced in value by the proposed improvement and that the

assessments were greater than the benefits, the *prima facie* case made by the report was overcome, and a finding by the court in favor of petitioners who failed to introduce further evidence was insufficient.  p. 180.

From Boone Circuit Court; *Willett H. Parr,* Judge.

Proceeding by John F. Adair and others for the reconstruction and improvement of a drain, in which John F. Martin and others remonstrated.  From a judgment for the petitioners, the remonstrants appeal.  *Reversed.*

*Ira M. Sharp* and *Rodgers & Smith,* for appellants.
*William J. Wood* and *A. J. Shelby,* for appellees.

WILLOUGHBY, J.—This is a proceeding to reconstruct and improve a public drain in Boone county, Indiana, by dredging, and was brought under the Drainage Act of 1907.  It is proposed to reconstruct and improve what has been heretofore known and designated as the Heath and Lane ditch.  The drainage commissioners in their report locate the drain over the line of the Heath and Lane ditch.  In the petition each owner of a tract of land which heretofore had been assessed for construction and clean-out on the Heath and Lane ditch was given a description of his lands which had been so assessed, and each was duly notified of the proceedings.  In the report of the drainage commissioners the new drain was to be widened, deepened and lengthened, and other land and owners were brought into the proceedings by the report.  About one-half of the owners of lands named in the report as affected and benefited in the report of the drainage commissioners remonstrated.

The remonstrants each filed separate and several

Martin *v.* Adair—189 Ind. 177.

remonstrances, in which they alleged: (a) That the lands of these remonstrators separately are assessed in said report as benefited, when in fact the same will not be affected nor benefited to the extent of the assessment made by said commissioners in said report if said work is accomplished; (b) each of said remonstrants shows and alleges the facts to be that it is not and will not be practical to accomplish the proposed drain without expenses exceeding the aggregate benefits; (c) that the proposed work, if accomplished, will neither improve the public health nor benefit any public highway, nor will the same, if accomplished, be of public utility.

The issues of fact made by these separate and several remonstrances of appellants were tried and decided in favor of the appellees, and judgment was rendered against the appellants, approving and confirming the report of the drainage commissioners, confirming the assessments therein made without change or modification, and ordering the drain established and constructed, and from such judgment appellants appeal.

The only error correctly assigned and not waived is: "The court erred in overruling the separate and several motions of appellants for a new trial." One of the causes for a new trial alleged by each of appellants was: "Irregularity in the proceedings of the petitioners and the inadvertence of the court by which the remonstrators were prevented from having a fair trial of this cause in this, to wit: That two of the drainage commissioners, who served as such in this cause and who assessed the benefits upon the lands of these several remonstrators, were related within the sixth degree of consanguinity to various land-

owners whose lands were assessed for the construction of the proposed drain, and which landowners were not parties to the proceeding, and had no notice whatever thereof until after the filing of the report of said drainage commissioners.''

It appears from the record that the appellants did not raise any question as to the acting of either of the drainage commissioners, or as to their qualifications as such, until after the trial and finding in the cause, and then by way of motion for a new trial this question was first presented. It does not appear that after the report of the commissioners was filed appellants made any attempt during the ten days, the time allowed them in which to remonstrate, to ascertain the qualifications or eligibility of the commissioners. The drainage commissioners named who were related within the sixth degree were ineligible, but if timely objection was not made to their acting the objection is waived. *Small* v. *Buchanan* (1905), 165 Ind. 549, 76 N. E. 167. The authority of drainage commissioners to act in the matter of opening a ditch cannot be questioned for the first time by a motion for a new trial. *Goodwine* v. *Leak* (1891), 127 Ind. 569, 27 N. E. 161.

The appellants claim that the finding of the court is not sustained by sufficient evidence. The petitioners upon the trial introduced and read in evidence the report of the drainage commissioners and then rested. Appellants then introduced their evidence in support of their several remonstrances and rested. At this point, over the objection of appellants, the court permitted the petitioners to introduce evidence tending to sustain their case in chief. This was not error. The statute (§6151 Burns

1914, Acts 1907 p. 508, §17) provides that the reports of the drainage commissioners shall be *prima facie* evidence of the facts stated in such reports, whether before the board of commissioners, in the circuit or superior court or the supreme court. Under this statute the petitioners might introduce the commissioners' report and rest, and, if no evidence 'were offered to sustain appellants' remonstrances, petitioners would be entitled to a judgment approving the report of the commissioners and ordering the drain established, but if, as in this case, the remonstrance was supported by sufficient evidence, then it became the duty of the petitioners to meet this evidence, which the court correctly held they might do. But it appears that the petitioners failed to introduce any evidence except the report of the commissioners touching the amount of benefits assessed against the separate and several tracts of land assessed against more than sixty of these several remonstrators who are appellants herein. These remonstrants introduced evidence to the effect that their lands would not be enhanced in value by the proposed drain, and that the assessment against each tract of said lands of each of said remonstrants was greater than the benefits which would accrue to such lands by reason of the improvement. The report of the commissioners was *prima facie* evidence of the facts stated therein only by virtue of the statute, §6151 Burns 1914, *supra*. Its only office and effect was to compel the remonstrants to go forward with evidence sustaining the remonstrances. When the evidence had been introduced sustaining the several remonstrances, the presumption raised by the *prima facie* case had served its function and cannot be considered for the purpose

of weighing evidence or for any other purpose. *Moore* v. *Ryan* (1919), 188 Ind. 345, 123 N. E. 642.

It follows from what we have said that the finding of the court is not sustained by sufficient evidence as to the assessments made against the several tracts of land on the last-named appellants.

Ju'dgment reversed, with instructions to the trial court to sustain appellants' motion for a new trial.

Harvey, J., absent.